561 So.2d 1316 (1990)
Shirley GADSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0928.
District Court of Appeal of Florida, Fourth District.
May 30, 1990.
*1317 Richard L. Jorandby, Public Defender and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
WARNER, Judge.
The appellant claims that she was denied a fair trial because the state improperly struck black jurors in violation of the standards set forth in State v. Neil, 457 So.2d 481 (Fla. 1984). We agree and reverse.
At trial the prosecutor struck two black jurors and, when challenged under State v. Neil, stated that his grounds for striking were that they were both teachers and he always struck teachers and, furthermore, he had not exercised a challenge against one black juror. The court accepted this explanation and denied the Neil challenge.
As was explained in State v. Slappy, 522 So.2d 18 (Fla. 1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), and reaffirmed in Thompson v. State, 548 So.2d 198 (Fla. 1989), "the issue is not whether several jurors have been so excused because of their race, but whether any juror has been so excused, independent of any other." Slappy, 522 So.2d at 21. See also Tillman v. State, 522 So.2d 14 (Fla. 1988) (that state accepted one black to serve on a panel was of no consequence.) We must therefore evaluate whether or not the state's explanation for the exclusion of the two black jurors was racially neutral, reasonable, and not a pretext. Slappy, 522 So.2d at 22.
The prosecutor stated with respect to the challenged jurors that he didn't like teachers on his juries. Both the prosecutor and the court below related that their experiences with teachers was that they were more inclined to entertain every kind of doubt. That is a broadbrush approach to all teachers. However, in Slappy the supreme court held that striking teachers because they were more "liberal" may be a neutral reasonable explanation sufficient under Neil.
Nevertheless, a reasonable explanation is not sufficient if the record demonstrates that it is a mere pretext. Slappy laid out five factors which would tend to show that the tendered explanation is an impermissible pretext.
(1) alleged group bias not shown to be shared by the juror in question, (2) failure to examine the juror or perfunctory examination, assuming neither the trial court nor opposing counsel had questioned the juror, (3) singling the juror out for special questioning designed to evoke a certain response, (4) the prosecutor's reason is unrelated to the facts of the case, and (5) a challenge based on reasons equally applicable to juror who were not challenged.
Slappy at 22.
In the instant case challenged juror Weekes had been a real estate agent for three years. He told the court that he had been in law school and prior to that he had worked as a teacher and an accountant. He was never asked by anyone what he *1318 taught or when or where. He was only questioned by the prosecutor on his prior jury service. Challenged juror Boggus was a teacher in the Broward school system, teaching seventh and eighth grades, and was only questioned by the prosecutor about a burglary at his home. The prosecutor did not challenge white juror Payne who was a bank secretary but had been a seventh grade teacher five years earlier. Thus, her position was no different than that of juror Weekes.
This review of the record convinces us that in this case the reason offered by the state was a mere pretext. The state failed to question any juror about his or her teaching background, and the reason given  that teachers are more than open to entertaining doubt  was never established to have existed in the two challenged jurors. See Slappy, 522 So.2d at 24. More telling of the pretextual nature of the explanation, however, was the fact that the state did not challenge juror Payne who had work history similar to that of Mr. Weekes, being a teacher in the past.
Finding that the tenets of State v. Neil have not been complied with, we must find reversible error even though the panel contained one black juror. See State v. Slappy, 522 So.2d at 24.
Reversed and remanded.
WALDEN and STONE, JJ., concur.