PER CURIAM.
Timothy Lee Fox appeals his conviction for the offense of armed robbery, and sentence of twenty-two years in prison. He alleges error in the voir dire proceedings, based on his trial counsel’s objection that the state’s exercise of peremptory challenges were racially motivated, in violation of State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), and State v. Neil, 457 So.2d 481 (Fla.1984).
Upon the state’s announcement of its intention to strike prospective juror Mr. Williams, appellant’s trial counsel raised a timely objection. He established that the appellant was black, and that there were only two prospective black jurors out of a panel of thirty. He made specific reference to Neil and requested the court to conduct an appropriate hearing.
In response, the state indicated it was excusing Mr. Williams on the premise that he had been on prior jury duty and it was a hung jury, and therefore it did not want a juror that couldn’t make a decision. The court found this to be a racially neutral basis for excusing Mr. Williams, and therefore overruled appellant’s Neil objection. We reverse.
While the trial court employed the proper procedure for determining whether or not a Slappy/Neil violation had occurred, it is necessary that the state’s “racially neutral” explanation for exercise of its peremptory challenge be supported by the record. Hill v. State, 547 So.2d 175, 177 (Fla. 4th DCA 1989). In the case before us, the record shows that the state was incorrect in its assertion that Mr. Williams had previously served on a hung jury. Regrettably, neither defense counsel nor the trial judge had the voir dire testimony read back to determine if the state’s assertion was factually correct. Nonetheless, the state failed to meet its burden of showing a “racially neutral” reason for excusing juror Williams that was supported by his testimony in the record. Accordingly, we are compelled to reverse and remand for a new trial.
HERSEY, C.J., and GLICKSTEIN and POLEN, JJ., concur.