584 So.2d 180 (1991)
Henderson ST. LOUIS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1868.
District Court of Appeal of Florida, Fourth District.
August 14, 1991.
*181 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellee.
WARNER, Judge.
This is an appeal from appellant's conviction and sentence for second degree murder, armed robbery and armed burglary. Appellant claims that the trial court erred in overruling appellant's objection to the state's peremptory challenge to a black prospective juror. Appellant also claims that the court erred in introducing collateral crimes evidence. On these points we agree with appellant and reverse.
During voir dire the state struck a black juror. Appellant, who is black, objected, and without further discussion the trial court asked the prosecutor to offer an explanation for the challenge. The court stated that although this was the first black jury panel member peremptorily stricken, "so far that's a pattern." While the state attorney strenuously objected to having to give a racially neutral reason for exercising the peremptory challenge, he nevertheless stated that he wanted someone more educated than the black juror. Appellant's attorney countered that the particular juror had never been questioned by the state attorney about his educational background. The court then overruled the objection and denied the motion for mistrial, then stating that no pattern had developed yet, despite his prior comment that a pattern was developing.
As was stated in State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), "the issue is not whether several jurors have been excused because of their race, but whether any juror has been so excused, independent of any other." Slappy at 21; Tillman v. State, 522 So.2d 14 (Fla. 1988); Gadson v. State, 561 So.2d 1316 (Fla. 4th DCA 1990). More recently, in Williams v. State, 574 So.2d 136 (Fla. 1991) the Supreme Court stated "Whenever a sufficient doubt has been raised as to the exclusion of any person on the venire because of race, the trial court must require the state to explain each one of the allegedly discriminatory challenges." Id. at 137.
In the instant case the trial court felt that a doubt was raised, since of the two black prospective jurors questioned so far, one was struck by the state on a challenge for cause and the subject juror was peremptorily struck. Furthermore, the state's response did not provide a racially neutral explanation for the strike. While the state attorney said that he wanted a more educated juror than the challenged *182 black juror, he asked the juror no questions regarding his educational background. Furthermore, there is nothing in the facts of this case which would indicate that a particular level of education was essential to determine the issues presented. This was an armed robbery/murder with no complicated fact pattern to unravel. Thus, a review of the record indicates to us that the reason advanced by the prosecutor was a mere pretext. See Slappy at 24.
The trial court's first inclinations were correct. As a consequence, the appellant's objections should have been sustained. We therefore reverse and remand for a new trial.
In addition, during the state's case an employee of the Broward Juvenile Detention Center was called to testify regarding verbal threats appellant made against the employee while appellant was incarcerated and awaiting trial. When the employee ordered appellant to return to his room for a lock down, the appellant began verbally threatening the employee and his family, stating that he could kill them just as easily as he killed someone else, referring to a newspaper article posted in the detention center about the instant case. Appellant objected on the grounds that admission of these threats violated the Williams rule against collateral crimes evidence. The state contended however that the threats were part of statements which constituted admissions to the charged crimes and thus were inextricably intertwined with the crimes charged, citing Tumulty v. State, 489 So.2d 150 (Fla. 4th DCA 1986). Tumulty is entirely distinguishable. In that case the collateral crimes occurred before the charged crime and were necessary to show the parties' relationships and motive for the crime. That is not the case here. The state attorney elicited detailed testimony about how appellant was going to "blow [the employee's] head off" and "I'll blow away your family, your wife all of them." Such testimony was not inextricably intertwined with the admission and was very prejudicial to the defendant showing only his bad character. Any references to the threats as collateral crimes should have been eliminated, as the state agreed to do in the similar case of State v. Lamar, 538 So.2d 548 (Fla. 3d DCA 1989).
We find no error in the admission of the pretrial and in-court identifications of appellant and no reversible error in the prosecutor's closing argument comments. Finally, should appellant be convicted upon retrial, we remind the sentencing court that full compliance with section 39.111(7), Florida Statutes (1989), in sentencing this juvenile as an adult is required.
Reversed and remanded for a new trial.
GLICKSTEIN, C.J., and HERSEY, J., concur.