587 So.2d 464 (1991)
STATE of Florida, Petitioner,
v.
Timothy Lee FOX, Respondent.
No. 77624.
Supreme Court of Florida.
October 10, 1991.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Bureau Chief, Senior Asst. Atty. Gen., and Melynda Melear, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Jeffrey Anderson, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
BARKETT, Justice.
We review Fox v. State, 573 So.2d 962 (Fla. 4th DCA 1991), based on asserted conflict with Floyd v. State, 569 So.2d 1225 (Fla. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 2912, 115 L.Ed.2d 1075 (1991).[*]
Fox was charged by information with robbery. During jury selection, the prosecutor exercised a peremptory challenge to strike a black juror. Fox made a timely objection to the challenge on the basis of State v. Neil, 457 So.2d 481 (Fla. 1984), clarified, State v. Castillo, 486 So.2d 565 (Fla. 1986), stating that the prospective juror, Mr. Williams, was one of only two prospective black jurors out of a panel of thirty. The trial court asked the prosecutor to give reasons for striking the black juror, and the prosecutor replied, "Because the testimony I believe was he was on jury duty and there was a hung jury, and he couldn't make a decision. I don't want a juror that can't make a decision." The judge overruled the defense's objection, finding the prosecutor's explanation was race-neutral. Fox did not contest the adequacy of the explanation or its record support. The jury ultimately chosen found Fox guilty of the robbery charge. On appeal, the district court reversed Fox's conviction, stating:
[T]he record shows that the state was incorrect in its assertion that Mr. Williams had previously served on a hung jury. Regrettably, neither defense counsel nor the trial judge had the voir dire testimony read back to determine if the state's assertion was factually correct. Nonetheless, the state failed to meet its burden of showing a "racially neutral" reason for excusing juror *465 Williams that was supported by his testimony in the record.
573 So.2d at 963.
In Floyd v. State, 569 So.2d at 1229-30, this Court held:
It is the state's obligation to advance a facially race-neutral reason that is supported in the record. If the explanation is challenged by opposing counsel, the trial court must review the record to establish record support for the reason advanced. However, when the state asserts a fact as existing in the record, the trial court cannot be faulted for assuming it is so when defense counsel is silent and the assertion remains unchallenged. Once the state has proffered a facially race-neutral reason, a defendant must place the court on notice that he or she contests the factual existence of the reason... . Because defense counsel failed to object to the prosecutor's explanation, the Neil issue was not properly preserved for review.
In the instant case, defense counsel did not contest the State's factual assertion. The district court thus erred in reversing Fox's conviction as the issue had not been preserved for appellate review.
Accordingly, we quash the opinion below and remand for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[*] We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.