591 So.2d 662 (1991)
Bryant HICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0503.
District Court of Appeal of Florida, Fourth District.
December 18, 1991.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Bryant Hicks appeals from his conviction and sentence for possession of cocaine. He raises two points on appeal. He contends that the trial court erred when it denied his objection to the state's peremptory challenge of the only black person on the jury venire and when it permitted the state to introduce testimony of prior consistent statements of a state witness. We reverse.
The state exercised a peremptory challenge to strike a Mrs. Tolbert, the only black prospective juror. In response to the court's questions following appellant's objection, the state offered three reasons for its challenge; first, Mrs. Tolbert was the only teacher on the panel. The state argued that teachers in general are more liberal in their thinking than people in other occupations. Next, the fact that both she and her husband were music teachers worried the prosecutor because musicians "have more frequenting in and of themselves of occupations with illegal drugs, alcohol, substance abuse in general than other members of the population." Finally, the state asserted that Mrs. Tolbert's previous service as an alternate juror in a criminal case in which the jury returned a not guilty verdict constituted valid grounds for the exercise of its challenge.
In State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), the supreme court established a nonexclusive list of factors for the court to consider when it evaluates whether the state has given non-racially related reasons for the exercise of a peremptory challenge or whether those reasons constitute a mere pretext. In Slappy, the court rejected the state's challenge of two school teachers:
Moreover, we cannot accept the state's contention that all elementary school assistants, and these two in particular, were liberal. If they indeed possessed this trait, the state could have established *663 it by a few questions taking very little of the court's time.
Id. at 23. During preliminary questioning, the trial court established that Mrs. Tolbert was a music teacher for kindergarten through sixth grade, she had been elected teacher of the year at her school, her husband was a band director at a high school, and she had two children in college. The record shows that the state did not question Mrs. Tolbert concerning her occupation and what effect it might have on her political beliefs or ability to serve as a juror.
We also find nothing in this record that would support the state's argument that the occupation as music teacher of both Mrs. Tolbert and her husband would cause her to have a greater tolerance for the use of controlled substances.
Finally, the state did not extensively question either of the two other prospective jurors who had prior jury service and who had actually deliberated and reached a verdict in a criminal case. One of these two served in this case and the state excused the other mainly on the ground that he had completed two years of law school. The record supports appellant's argument that the state singled out Mrs. Tolbert in its questioning about prior jury service.
Our review of the record satisfies us that the state's reasons for challenging Mrs. Tolbert constituted a mere pretext and that the state did not exercise its challenge based upon race-neutral reasons. Therefore, we reverse and remand this case for a new trial.
We note as to appellant's second point on appeal that appellant failed to preserve its objection to Officer Brent's testimony. Although appellant made a general hearsay objection to Officer Brent's testimony, he failed to object on the specific ground which he now asserts for the first time on appeal. See Williams v. State, 414 So.2d 509 (Fla. 1982).
REVERSED and REMANDED.
GARRETT and FARMER, JJ., concur.