603 So.2d 711 (1992)
Martin GIBSON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2024.
District Court of Appeal of Florida, Fourth District.
August 26, 1992.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Gibson and two co-defendants were on trial for two counts of strong armed robbery. During jury selection, the state peremptorily struck panel member Gatlin. The trial court found a substantial likelihood that the challenge was racially motivated. This placed the burden on the state to show that the challenge was not based on race. State v. Neil, 457 So.2d 481 (Fla. 1984). During voir dire it became apparent that Gatlin, like the victims in this case, was a fruit picker. The state offered as its reason for the challenge that the juror, as a black fruit picker, might feel animosity toward the victims, who were Haitian fruit pickers, because the two groups competed *712 with each other in the job market. The trial court accepted the reasons as being racially neutral and allowed the challenge.
While we agree that the reason itself was reasonably specific and racially neutral, i.e. economic animosity between two groups of grove workers, the inquiry does not end there. The court must ensure that the reason offered finds support in the record and is not merely a pretext for racial motivations. State v. Slappy, 522 So.2d 18 (Fla. 1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). In Slappy the court listed five factors that, when present, tend to show a pretext or a lack of support in the record for a challenge. Two of these factors are present in this case: "(1) alleged group bias not shown to be shared by the juror in question, (2) failure to examine the juror or perfunctory examination * * *." 522 So.2d at 22.
In Slappy, the Supreme Court concluded that the proffered reasons for challenge, that two black jurors were teachers and thus political liberals, were mere pretexts. While the court agreed that political liberalism is racially neutral, it found "the utter failure to question two of the challenged jurors on the grounds alleged for bias * * * renders the state's explanation immediately suspect." 522 So.2d at 23. Similarly the court found the excusal of another black juror on the grounds of ill health to lack support in the record, saying that a "single question posed to the juror could have established the existence or nonexistence of illness." 522 So.2d at 23 n. 3.
Slappy has consistently been applied to invalidate challenges where the excused juror was not questioned about the alleged bias or undesirable trait. See, e.g., Williams v. State, 574 So.2d 136 (Fla. 1991); Hicks v. State, 591 So.2d 662 (Fla. 4th DCA 1991); St. Louis v. State, 584 So.2d 180 (Fla. 4th DCA 1991); Gadson v. State, 561 So.2d 1316 (Fla. 4th DCA 1990); Hill v. State, 547 So.2d 175 (Fla. 4th DCA 1989).
The rejected juror here was simply not questioned in any way about the alleged general animosity or about his own individual views or feelings on the subject.[1] The questions asked of him dealt only with general background information. Thus the record in this case simply does not support the proffered reasons as required by Slappy.[2] We therefore reverse and remand for a new trial.[3]
REVERSED.
WARNER and FARMER, JJ., concur.
DIMITROULEAS, WILLIAM P., Associate Judge, concurring specially with opinion.
DIMITROULEAS, WILLIAM P., Associate Judge, concurring specially.
In State v. Slappy, 522 So.2d 18 (Fla. 1988), the Supreme Court listed five factors that tend to show when a pretextual challenge has occurred. One of those factors is the failure of a party to examine the juror. When that occurs, it should be incumbent upon the objecting party to make the trial court aware of that failure to question the juror, then the trial court could consider whether that failure to question is a clear indication of the challenge not being made on a non-racial ground, or the trial court, in its discretion could allow further inquiry of the juror. The failure of a party to object specifically to the lack of questioning of a juror should waive the Neil objection to that peremptory challenge. *713 See, e.g., Floyd v. State, 569 So.2d 1225 (Fla. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 2912, 115 L.Ed.2d 1075 (1991), and State v. Fox, 587 So.2d 464 (Fla. 1991). (Where the lack of a specific objection waived a proffered reason not being in the record). However, defense counsel did specifically point out to the trial judge that the prosecutor had not asked Mr. Gatlin any questions about economic animosity. The unfortunate response was:
Prosecutor: ... I don't have to inquiry (sic) if its not the challenge for cause. I mean I don't need to get into it.
The Court: All right.
Prosecutor: The law doesn't require it.
The law does require it; therefore, I concur in the reversal.
NOTES
[1] Indeed, the prosecutor candidly admitted as much when he said: "And while we don't know whether this particular juror or potential juror would be predisposed of that, that is the state's reason: because we are concerned that he might show some bias or prejudice on the part of that prospective juror with reference to the victims in this particular case." [e.s.] R. 197-98.
[2] Although the requirements of specific questioning and clear support from the record appear to be at odds with the traditional purpose and functioning of peremptory challenges, see generally Hill v. State, 547 So.2d 175, 177 (Fla. 4th DCA 1989) (Hersey, C.J., dissenting) and Edmonson v. Leesville Concrete Co., Inc., ___ U.S. ___, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). (O'Connor, J., dissenting), the authorities clearly require such a showing.
[3] Because of our disposition on the jury selection issue, we do not address appellant's other points on appeal.