614 So.2d 647 (1993)
Tony HOUSE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-04100.
District Court of Appeal of Florida, Second District.
February 24, 1993.
James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Public Defender, Tampa, for appellee.
FRANK, Acting Chief Judge.
Tony House was convicted of first degree murder and attempted armed robbery after he and two codefendants shot and *648 killed a pedestrian who resisted the attempted crime. During jury selection, House objected to the prosecution's use of peremptory challenges to strike two black venire persons. House argues that the explanations offered to strike the jurors are a mere pretext which find no basis in the record.
The voir dire proceeding supports the race neutral explanation given to strike the first minority member of the venire. We are not, however, satisfied that the record supports the reason offered to strike Ms. Barrs, a black woman employed in the mental health field. At the moment that House indicated a substantial likelihood that the strike was racially grounded, it became incumbent upon the state to rebut the inference with a race neutral explanation. State v. Neil, 457 So.2d 481 (Fla. 1984). When asked to support its challenge, the prosecutor offered his personal judgment that "someone who works in mental health would be more liberal than conservative, therefore, I struck her." "Liberalism" has been sustained as a race neutral and reasonable explanation for a peremptory strike. See State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). But the inquiry does not end when the state articulates a facially acceptable reason; the trial court must also find record support for the reason to ensure the state has not given a pretextual explanation for an inappropriate challenge. Slappy, 522 So.2d at 23-24; Hicks v. State, 591 So.2d 662 (Fla. 4th DCA 1991); Gadson v. State, 561 So.2d 1316 (Fla. 4th DCA 1990). In Slappy, the supreme court determined that the state's reason for excluding two black jurors  that teachers are ideologically liberal  was pretextual and not sufficiently grounded in the record:
[T]he utter failure to question two of the challenged jurors on the grounds alleged for bias ... renders the state's explanation immediately suspect. Moreover, we cannot accept the state's contention that all elementary school assistants, and these two in particular, were liberal. If they indeed possessed this trait, the state could have established it by a few questions taking very little of the court's time.
Slappy, 522 So.2d at 23 (footnotes omitted).
At no point during voir dire did the state attempt to elicit from Ms. Barrs her political or social biases. Quite simply, she was asked no questions tending to confirm the state's misgivings about her ability to serve impartially. On the contrary, she indicated her readiness to follow the law as charged on each element of robbery and felony murder. Thus, although we appreciate the trial judge's superior vantage point in assessing a prospective juror's predisposition for impartial service and the credibility of the prosecutor who challenges that service, see Reed v. State, 560 So.2d 203 (Fla.), cert. denied, 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990), we must conclude that in this instance the trial court abused its discretion; the unsubstantiated allegations of a single juror's potential for a liberal bias will not sustain the peremptory challenge.
Accordingly, we reverse and remand for a new trial.
PATTERSON and ALTENBERND, JJ., concur.