632 So.2d 702 (1994)
Robert Eugene REEVES, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3947.
District Court of Appeal of Florida, First District.
March 2, 1994.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
*703 Robert A. Butterworth, Atty. Gen.; Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, Robert Reeves, appeals his conviction on the charge of armed robbery with a firearm. We reverse and remand for a new trial.
During jury selection, appellant objected to the state's exercise of peremptory challenges against prospective juror Syble Scott and prospective alternate juror Brenda King. Ms. Scott worked as an interviewing clerk at the Department of Health and Rehabilitative Services (HRS). Ms. King worked in the child support division of HRS. Defense counsel objected that the prospective jurors were challenged because they were black. The state responded that the state will strike anyone that works for HRS regardless of that person's color. Following the state's response, the trial court found the answer provided to be race-neutral. The trial judge noted:
All right. He's given his reasons, and we know as a practical matter that not just in this case but in most cases state strikes HRS employees for the reason they form an opinion with HRS which is adverse to the interest of the state, I don't know whether that's true or not just as many defense attorneys have struck police officers or relatives of police officers who serve on the jury. And they form an opinion that they're adverse to the interest of the defense... .
At a hearing on appellant's motion for new trial, the state elaborated on its reasons for striking Ms. Scott and Ms. King:
Judge, the only response I would have, and I just want to state this for the record, as far as the HRS individuals are concerned, Judge, this prosecutor's had contact with officials from HRS in  over several years, individuals who work in the special assault or sexual assault area as well as individuals who work  for example, a trial that I was to try this week in a prostitution with AIDS case was eventually dropped by the  because of the combative nature of the HRS official involved, which was agency-wide in that particular prostitution with AIDS case that we were going to try this week; agency-wide combative nature towards the prosecution efforts on the part of the state. And I would strike any HRS worker given my continuing contact with officials from HRS and their proven combative nature towards prosecution efforts by the state.
I just wanted to add the personal contacts that I and other prosecutors in our office have had with officials from HRS who, while they may not have been these two, as a whole, the agency has demonstrated such a combative nature or a combative response to prosecution efforts over my three years as a prosecutor that I would feel forced to strike any member of that agency.
Although the reason offered by the state appears race-neutral, we find that the explanation given by the state is indistinguishable from the reason offered and rejected as pretextual in State v. Slappy, 522 So.2d 18 (Fla. 1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). In Slappy, the state excused two elementary school teachers on the grounds that teachers tend to be liberal and more sympathetic to people who go astray. The Florida Supreme Court found that although "liberalism" was a race-neutral explanation, the state's failure to demonstrate the alleged liberalism of the two prospective jurors by posing questions which could have established the existence or nonexistence of such a trait was reversible error. Slappy, 522 So.2d at 23-24.
Slappy has consistently been applied to invalidate challenges where alleged group bias has not been shown to be shared by the prospective juror in question. See e.g., Stroder v. State, 622 So.2d 585 (Fla. 1st DCA 1993) (prosecutor failed to question teacher of emotionally handicapped students to explore his perception of her liberality); House v. State, 614 So.2d 647 (Fla. 2d DCA 1993) (prosecutor failed to question mental health field worker to elicit her political or social biases); Gibson v. State, 603 So.2d 711 (Fla. 4th DCA 1992) (prosecutor failed to question black fruit picker to elicit economic animosity toward Haitian fruit pickers); Hicks v. State, *704 591 So.2d 662 (Fla. 4th DCA 1991) (prosecutor failed to question music teacher to explore his perception of her greater tolerance to the use of controlled substances).
The prospective jurors in this case were not questioned about their feelings toward the State Attorney's Office. There is therefore no record support for the state's reasons for challenging Ms. Scott and Ms. King. The state's exercise of the peremptory challenges must therefore be regarded as pretextual and appellant is entitled to a new trial. In view of this disposition, we do not reach the other issue raised by appellant.
Accordingly, we REVERSE and REMAND for a new trial.
SMITH, ALLEN and DAVIS, JJ., concur.