639 So.2d 658 (1994)
Maria FERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-2148.
District Court of Appeal of Florida, Third District.
July 5, 1994.
Frank A. Abrams, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Stephanie G. Kolman, Asst. Atty. Gen., for appellee.
Before BARKDULL, JORGENSON and LEVY, JJ.
PER CURIAM.
Appellant seeks review of an adjudication of guilt in the trial court.
Defendant and her codefendant were charged with burglary of a conveyance with an assault, robbery and grand theft of a firearm. After trial by jury, defendant was adjudicated guilty of robbery and sentenced as a habitual felony offender to 17 years in prison.
*659 Defendant raises three issues by this appeal:
1. That the trial court erred in denying a peremptory challenge.
2. That the verdict is contrary to the evidence and that the verdict is inconsistent with the crimes as charged.
3. That defendant's sentence is unduly harsh.
Defendant argues that her sentence is unduly harsh. We interpret that to mean that the trial court exceeded the statutorily permissible sentence mandated for the crime charged. Defendant's sentence does not exceed the statutorily permitted sentence for a person found to be a habitual felony offender.[1] Defendant was found guilty of a second degree felony[2] and under the habitual felony offender statute she was subject to a prison term of up to thirty years.[3] Contrary to defendant's belief, her sentence is not unduly harsh. In fact, defendant's sentence reflects a degree of leniency in light of the fact that the trial court chose not to impose the ten year minimum mandatory term permitted by law.
A finding of guilt on the robbery charge is not inconsistent with the crimes as charged. Defendant argues that she can not be found guilty on the robbery count unless she is also found guilty on the other two counts charged. We understand this to mean that the three counts are somehow interlocking or interdependent and thus the robbery count can not stand independent of the others. Defendant was charged with burglary of a conveyance with an assault,[4] robbery[5] and grand theft of a firearm.[6] Defendant was convicted of robbery as charged in count II. We fail to understand how convictions for burglary of a conveyance with an assault and grand theft of a firearm are necessary to sustain a conviction for robbery.
The evidence adduced at trial was sufficient to sustain a finding of guilt. The majority of the evidence presented in this case consisted of the testimony of the victim and the defendants. Simply put, there was a swearing match between the victim and the defendants. This court has long held that the trier of fact will determine the credibility of the witnesses and that one credible witness is all that is necessary to sustain a conviction.
Where the evidence is in conflict, it is within the province of the trier of fact to assess the credibility of witnesses, and upon evaluating the testimony, rely upon the testimony found by it to be worthy of belief and reject such testimony found by *660 it to be untrue.... The testimony of a single witness, even if uncorroborated and contradicted . .., is sufficient to sustain a conviction.
I.R. v. State, 385 So.2d 686, 687-688 (Fla. 3d DCA 1980) (citations omitted).
Defendant argues that the trial court erred in seating a juror where defense counsel had exercised a peremptory challenge to that juror. Defense counsel exercised a peremptory challenge against juror Stephens and the state attorney raised a Neil[7] objection. The trial court requested a race neutral reason and defense counsel responded "I have here that he works for the Montessori School, and the wife also works there. That gives me some impression that they may be sympathetic in favor of the prosecution." The trial court noted that juror Stephens was black and that defense counsel had challenged every black venire person. The trial court found the challenge to juror Stephens to have been racially motivated and seated him on the panel.
There is a presumption that peremptory challenges will be exercised in a nondiscriminatory manner. See State v. Neil, 457 So.2d 481 (Fla. 1984); Parrish v. State, 540 So.2d 870 (Fla. 3d DCA 1989). One objecting to the use of a peremptory challenge has the burden of demonstrating that the venire person challenged is a member of a distinct racial, ethnic, religious or gender group and that there is a strong likelihood that the peremptory challenge is solely based upon membership in that distinct group. See Abshire v. State, 642 So.2d 542 (Fla. 1994); Neil; Joseph v. State, 636 So.2d 777 (Fla. 3d DCA 1994); Wimberly v. State, 599 So.2d 715 (Fla. 3d DCA 1992). Where all members of a cognizable group are challenged resulting in not a single member of that group being represented on the panel a presumption of discrimination arises and the burden of justifying the peremptory challenge shifts back to the party making the challenge. See Blackshear v. State, 521 So.2d 1083 (Fla. 1988); Parrish; Floyd v. State, 511 So.2d 762 (Fla. 3d DCA 1987). The party making the peremptory challenge must then demonstrate that the reasons given for the challenge are not pretextual. See State v. Slappy, 522 So.2d 18 (Fla. 1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988); Reeves v. State, 632 So.2d 702 (Fla. 1st DCA 1994); House v. State, 614 So.2d 647 (Fla. 2d DCA 1993).
The trial court did not err in seating juror Stephens. The state properly objected to defense counsel's challenge of juror Stephens, noting that he was black and that all black members of the venire had been challenged. The trial court properly shifted the burden to defendant. Defendant could cite to no record evidence that juror Stephens was in some way biased, of a liberal nature, or in any other way sympathetic to the prosecution. Defense counsel failed to ask juror Stephens a single question during voir dire and thus failed to develop, for the record, the alleged bias, liberalism or sympathy necessary to support the challenge. Absent the required showing defense counsel's reasons for challenging juror Stephens were pretextual, thus the trial court properly seated juror Stephens on the panel.
For the forgoing reasons the order of the trial court is in all respects affirmed.
Affirmed.
NOTES
[1] The trial court's imposition of habitual felony offender status is not under appeal, thus, we assume that the trial court properly habitualized defendant.
[2] Defendant was convicted of robbery under section 812.13(2)(c), Florida Statutes (1991).
[3] Section 775.084 Florida Statutes

(4)(a) The court ... shall sentence the habitual felony offender as follows:
1....
2. In the case of a felony of the second degree, for a term of years not exceeding 30.
(b) The court ... may sentence the habitual violent felony offender as follows:
1....
2. In the case of a felony of the second degree, for a term of years not exceeding 30, and such offender shall not be eligible for release for 10 years.
[4] Section 810.02 Florida Statutes

(1) "Burglary" means entering or remaining in a structure or conveyance with the intent to commit an offense therein....
[5] Section 812.13 Florida Statutes

(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with the intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
[6] Section 812.014 Florida Statutes

(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
2(c) It is grand theft of the third degree and a felony of the third degree ... if the property stolen is:
1....
2....
3. A firearm.
[7] State v. Neil, 457 So.2d 481 (Fla. 1984).