697 So.2d 991 (1997)
Moses SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2747.
District Court of Appeal of Florida, Fourth District.
August 6, 1997.
*992 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant in part Appellant's supplemental motion for rehearing, withdraw our earlier opinion, and substitute the following:
In Appellant's motion for post-conviction relief, he alleged two ineffective assistance of counsel claims. The trial court held an evidentiary hearing on one of the claims, but summarily denied the other claim. We conclude that the trial court erred in summarily denying Appellant's claim of ineffective assistance of counsel for failure to object to the imposition of adult sanctions without adhering to the criteria of section 39.059, Florida Statutes, and without a predisposition report in case number 92-3135, which the prosecution brought by information charging burglary of a dwelling. This offense did not fall within the statutory provisions for sentencing a juvenile as an adult. § 39.022(5)(c)3, Fla. Stat. (Supp.1992); State v. Berry, 647 So.2d 830 (Fla.1994); Robinson v. State, 642 So.2d 1204 (Fla. 4th DCA 1994); see Lunn v. State, 675 So.2d 648 (Fla. 2d DCA 1996); B.B. v. State, 647 So.2d 268 (Fla. 4th DCA 1994). Accordingly, we reverse and remand for an evidentiary hearing on this claim.
However, the trial court did not err in summarily denying Appellant's claim of ineffective assistance of counsel with regard to his separate adjudication and sentencing in case number 92-8707. That separate case concerned the crimes of second degree murder, attempted armed robbery, and burglary, and as such, case number 92-8707 falls within the provisions of section 39.022(5)(c)3. Ritchie v. State, 670 So.2d 924 (Fla.1996). Accordingly, we affirm on that claim.
We also find that the trial court did not err in denying Appellant's claim of ineffective assistance of counsel for failure to timely file an appeal. After holding an evidentiary hearing, the trial court made findings of fact as to the credibility of the key witnesses and chose to believe counsel's testimony that he was not asked to file an appeal on Appellant's behalf. Since it is within the province of the finder of fact "to rely upon the testimony found by it to be worthy of belief and to reject such testimony found by it to be untrue," the decision in the instant case was within the province of the trial court. I.R. v. State, 385 So.2d 686, 687 (Fla. 3d DCA 1980); see Fernandez v. State, 639 So.2d 658, 659-60 (Fla. 3d DCA 1994).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GUNTHER, PARIENTE and SHAHOOD, JJ., concur.