ORFINGER, R.B., J.
Scot P. Wilson appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Wilson argues that the trial court erred in rejecting his claim that his trial counsel was ineffective by failing to convey two plea offers to him. We disagree and affirm.
Wilson was charged with lewd and lascivious acts in the presence of a child, and after a jury trial, was found guilty and sentenced to fifteen years in prison. His conviction was affirmed on direct appeal. Wilson v. State, 778 So.2d 298 (Fla. 5th DCA 2001).
In his postconviction motion, Wilson contended that prior to trial, the State made plea offers of thirty-six months and forty-two months in prison, but his trial counsel failed to convey these offers to him. Wilson asserts that had he known of those offers, he would have accepted one of them, thereby avoiding trial and a fifteen-year prison sentence.
The trial court conducted an evidentiary hearing on Wilson’s motion at which Wilson, his mother, and his trial counsel, Robert Rawlins, testified. Consistent with his motion, Wilson and his mother testified that Rawlins never conveyed plea offers of forty-two months or thirty-six months to him. In contrast, Rawlins testified that he conveyed the forty-two month offer to Wilson, and Wilson rejected it. Rawlins further testified that no thirty-six month offer was ever made by the State. As a result, there was no such offer to convey to Wilson.
The failure of trial counsel to properly advise a defendant about plea offers by the State can constitute ineffective assistance of counsel. Cottle v. State, 733 So.2d 963 (Fla.1999). This provides Wilson no relief because the trial court, after weighing the credibility of the witnesses, concluded that trial counsel had conveyed the forty-two month offer to Wilson and that no thirty-six month offer had been made by the State.
Findings of fact made by the trial court after an evidentiary hearing should not be disturbed on appeal if supported by competent substantial evidence. Smith v. State, 697 So.2d 991, 992 (Fla. 4th DCA 1997). Because the trial court’s factual findings are supported by competent substantial evidence, we affirm the order de *475 nying Wilson’s motion for postconviction relief.
AFFIRMED.
COBB and SHARP, W., JJ., concur.