KLEIN, J.
This case arises out of the death of a fourteen-month-old child who had been left in the care of appellant for several days. We affirm appellant’s conviction of manslaughter, concluding that the trial court did not err in allowing the state to strike jurors based on the explanation that the state wanted jurors who were more educated.
Appellant argues that the state, when asked for a race-neutral reason as to why it was striking certain jurors, improperly used lack of education as a justification. He contends that lack of education beyond high school could be used as a pretense to strike members of minorities. In St. *228 Louis v. State, 584 So.2d 180, 182 (Fla. 4th DCA 1991) we reversed where the state had struck a juror and given the explanation that it wanted a more educated juror, but had not inquired about the juror’s education, explaining:
[Tjhere is nothing in the facts of this case which would indicate that a particular level of education was essential to determine the issues presented. This was an armed robbery/murder with no complicated fact pattern to unravel. Thus, a review of the record indicates to us that the reason advanced by the prosecutor was a mere pretext.
Unlike the situation in St. Louis, the state in this case asked the relevant juror questions about her education, and also asked almost all other prospective jurors about their education. The state’s reason was that this case involved complex medical and DNA evidence regarding the cause of death, which was the key issue. Although the DNA evidence turned out not to be as complex as it would be in the typical case, because it was primarily to the effect that testing for DNA had been unsuccessful, the medical testimony as to the cause and time of death could be characterized as reasonably complex.
Although we agree with appellant’s argument that education should not be used as a pretext for striking minority jurors, our review of the record in this case leads us to conclude that the trial court’s acceptance of the explanation as being genuine is not clearly erroneous.
We have considered the other issues raised by appellant and find them to be without merit. Affirmed.
FARMER, C.J. and SHAHOOD, J., concur.