547 So.2d 612 (1989)
Darryl Bryan BARWICK, Appellant,
v.
STATE of Florida, Appellee.
No. 70097.
Supreme Court of Florida.
June 15, 1989.
Rehearing Denied September 7, 1989.
Michael E. Allen, Public Defender, and W.C. McLain, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Helen P. Nelson and Richard E. Doran, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
Darryl Barwick appeals his conviction of first-degree murder and his sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. Because error occurred during jury selection, we vacate Barwick's sentences, reverse his convictions, and remand for a new trial.[*]
During voir dire, the state used peremptory challenges to excuse three black prospective jurors. Barwick objected, claiming a violation of State v. Neil, 457 So.2d 481 (Fla. 1984), which condemns using peremptory challenges to exclude blacks from serving on juries solely because of their race. The trial court held that Barwick had no standing to make a Neil objection because both he and the victim were white. Barwick now claims that this ruling constitutes reversible error.
After Barwick objected, the state explained its reasons for two of the three peremptory challenges. Because of the trial court's impression that Neil did not apply, however, we find no indication in the record that the court made a conscientious evaluation of the Neil claim. We recently held that a defendant need not be black to object to peremptory challenges directed to prospective black jurors, even though their respective races may be relevant in determining whether the challenges are being unconstitutionally exercised because of racial bias. Kibler v. State, 546 So.2d 710 (Fla. 1989).
We realize that the court did not have the benefit of Kibler at the time of this trial, but we agree with Barwick that reversible error occurred. Therefore, we direct that Barwick be retried.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents with an opinion.
McDONALD, Justice, dissenting.
The state used peremptory challenges to remove three blacks (Miller, Cannon, and Nikolas) during voir dire. The defense objected to each of these challenges. Although the court denied these objections, the prosecutor explained why he wanted two of them removed. He had considered *613 asking to have Miller removed for cause because of her antipathy toward the death penalty, but, because of her equivocal answers, did not make a challenge for cause. The prosecutor had requested Cannon's removal for cause because Cannon said he did not understand anything about reasonable doubt. The trial court, however, denied that challenge, following which the state peremptorily removed Cannon. The record discloses no reason given by the state for challenging Nikolas, but I see no indication that this challenge was racially motivated. The trial judge, although not believing State v. Neil, 457 So.2d 481 (Fla. 1984), applicable, did express his view that the challenges were not racially motivated. I would respect that conclusion and deny relief on this issue.
NOTES
[*] The jury also convicted Barwick of armed burglary, attempted sexual battery, and armed robbery. The trial court imposed two terms of life imprisonment and one of 15 years for those convictions.