PER CURIAM.
Appellant, Christopher Brown, appeals his conviction for grand theft raising issues concerning jury selection. We reverse and remand.
Appellant’s main contention is that the State improperly used a peremptory challenge to strike a black prospective juror. Appellant maintains that the State’s reason for striking the juror was not racially neutral, and therefore impermissible.
After Appellant objected to the peremptory challenge, the trial court conducted a Neil inquiry. The State provided the following reason for the challenge:
[Ejither he didn’t hear or didn’t seem to understand what I was asking, and I just don’t know if he’s with it.
On appeal, the State maintains that the following answers by the juror demonstrate that the juror did in fact have difficulty hearing or understanding:
ASA: Alfred Rolle. Okay. Mr. Rolle, how are you employed?
Mr. Rolle: I’m retired.
ASA: What did you do when you were working?
Mr. Rolle: Was a truck driver.
ASA: Are you married?
Mr. Rolle: Divorced.
ASA: Okay. When you were married, what was your wife doing? Did she work?
Mr. Rolle: Working at the hospital.
ASA: Any working kids?
Mr. Rolle: Huh?
ASA: Do you have any children who are employed:
Mr. Rolle: No.
[[Image here]]
ASA: Why did you feel they treated you unfairly?
Mr. Rolle: Huh?
ASA: I said why were you not treated fairly?
Mr. Rolle: That one time?
ASA: Yeah.
*370 Mr. Rolle: Well, I don’t know, I don’t know what this — he was what you call a patrolman with a dog. He wouldn’t let me explain nothing to him. You just get it this ticket is yours.
ASA: So you didn’t feel he was courteous to you?
Mr. Rolle: No, no.
ASA: Do you feel you would hold it against a police officer who might testify in this?
Mr. Rolle: Oh, no, because I had a lot of other tickets before that I was treated fairly.
ASA: Okay. Thank you.
We find no evidence on the record to show the juror’s lack of understanding or inability to hear. Accordingly, we find the reason given by the State was pretextual. On the principles set forth in State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988) and State v. Neil, 457 So.2d 481 (Fla.1984), we reverse and remand for a new trial.