WIGGINTON, Judge.
Appellant appeals his conviction, after jury trial, of armed robbery. We reverse and remand for a new trial.
During jury selection, the state used a peremptory challenge to strike the only black juror on the panel. The defense immediately raised an objection pursuant to State v. Neil, 457 So.2d 481 (Fla.1984). The trial judge declared that he did not believe an explanation for the strike was necessary, but the state provided a reason anyway and the defense responded that the reason was not race neutral. The judge responded merely that no explanation was necessary.
On appeal, the state concedes that since the stricken juror was the only black juror on the panel, the defense did meet its initial burden under Neil to show a strong likelihood that the juror was stricken because of his race, thereby imposing on the state the burden to provide a race neutral reason to justify the strike. See Bowden v. State, 588 So.2d 225 (Fla.1991) and Reynolds v. State, 576 So.2d 1300 (Fla.1991). As in Barwick v. State, 547 So.2d 612 (Fla.1989), we find no indication in the instant record that the trial judge made a conscientious evaluation of appellant’s Neil claim by critically considering the reason given by the state for the strike. Therefore, pursuant to Neil and Barwick, we are compelled to reverse appellant’s conviction and remand for a new trial.
REVERSED AND REMANDED for a new trial.
ALLEN and WEBSTER, JJ., concur.