619 So.2d 500 (1993)
Darryl GIVENS a/k/a Louis Antonio Page and Jamus Clarence Wesley a/k/a James Wesley, Appellants,
v.
STATE of Florida, Appellee.
No. 92-1379.
District Court of Appeal of Florida, First District.
June 15, 1993.
Nancy A. Daniels, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
*501 Robert A. Butterworth, Atty. Gen., Joe Garwood, Asst. Atty. Gen., Tallahassee, for appellee.
MICKLE, Judge.
Appellants, co-defendants, were charged with entering a residential dwelling with intent to commit theft. Following a jury trial, they were convicted of the lesser offense of burglary of a structure. They allege reversible error in the trial court's approval of the reasons presented by the prosecutor for exercising peremptory challenges to exclude certain prospective black jurors. We agree, and reverse Appellants' convictions, vacate their sentences, and remand for a new trial to be conducted pursuant to the requirements of State v. Slappy, 522 So.2d 18 (Fla.), cert. den., 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), and State v. Neil, 457 So.2d 481 (Fla. 1984), as clarified in State v. Johans, 613 So.2d 1319 (Fla. 1993). See Valentine v. State, 616 So.2d 971 (Fla. 1993).
In Neil, the Florida Supreme Court held that a violation of the constitutional guarantee of an impartial jury results where a party excludes "a distinct racial group" from jury service, solely on the basis of race, through the use of peremptory challenges. 457 So.2d at 486-87. Neil established the following test:
A party concerned about the other side's use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race.
457 So.2d at 486 (footnote omitted); Slappy, 522 So.2d at 21. Once the trial court determined that the complaining party's objection to the peremptory challenge was proper and not frivolous, Neil required the state "to rebut the inference created when the defense met its initial burden of persuasion." Slappy, 522 So.2d at 22. This rebuttal must comprise a "clear and reasonably specific" race-neutral explanation of "legitimate reasons," supported by the record, for the prosecution's use of its peremptory challenges. Batson v. Kentucky, 476 U.S. 79, 96-98 & n. 20, 106 S.Ct. 1712, 1722-24 & n. 20, 90 L.Ed.2d 69 (1986); Mansell v. State, 609 So.2d 679, 682 (Fla. 1st DCA 1992).
Relying on Floyd v. State, 569 So.2d 1225 (Fla. 1990), cert. den., ___ U.S. ___, 111 S.Ct. 2912, 115 L.Ed.2d 1075 (1991), the state argues that the issue of alleged improper exclusion of potential jurors was not preserved for appellate review. In Floyd, the state exercised a peremptory challenge to excuse the only black member of the venire, and defense counsel made a timely objection. The prosecutor then gave an explanation to which the defense failed to object. Given those circumstances, the Florida Supreme Court held the issue of whether a Neil inquiry was required was not preserved. Id. at 1230.
After a thorough review of the instant record of the voir dire, we have concluded that Appellants adequately distinguished Floyd on the facts. The trial court solicited explanations from both sides concerning their peremptory strikes, and the state and the defense gave reasons. The trial court ruled that the reasons given by both parties were "racially impartial" and not racially biased. Defense counsel's apparent attempt to challenge the state's reasons was abruptly cut off by the trial judge's remark "I have ruled on it." After the trial court ruled that the state's reasons were valid, defense counsel took an exception to that ruling. The record demonstrates that defense counsel's response was sufficient to put the trial judge on notice that the state's basis for exercising its peremptory challenges upon certain jurors, and its explanations thereof, were being questioned. Castor v. State, 365 So.2d 701, 703 (Fla. 1978).
The state challenged three black venire members (Mrs. Love, Mrs. Macon, and Mr. Ray) and Mr. Karimy. The prosecutor explained: "I struck Mrs. Love, [sic] I didn't feel she was able to read the form correctly when she was testifying to the Court and also she had trouble paying attention." The record indicates the trial court accepted that explanation at face value. *502 A mere "feeling" about a juror does not satisfy the requirements of Neil. Foster v. State, 557 So.2d 634, 635 (Fla. 3d DCA 1990). We cannot glean anything from the record to support either reason given regarding Mrs. Love. Brown v. State, 597 So.2d 369 (Fla. 3d DCA 1992) (reversing and remanding for new trial, absent any evidence in the record to show stricken juror's lack of understanding or inability to hear). The record demonstrates that she provided adequate verbal responses to the questions addressed to her. The trial court is vested with broad discretion in determining whether a peremptory challenge is racially motivated. Reed v. State, 560 So.2d 203 (Fla.), cert. den., 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990). In this instance, however, we find the trial court failed to perform its "function of critically evaluating the state's explanation," see Mansell, 609 So.2d at 682-83, to assure reasonableness and the absence of a pretext for racial discrimination. Roundtree v. State, 546 So.2d 1042, 1045 (Fla. 1989); Gooch v. State, 605 So.2d 570 (Fla. 1st DCA 1992).
The state challenged Mrs. Macon peremptorily "because she is single, [sic] she does not own her own home." After the trial court accepted that explanation, defense counsel informed the court that Mrs. Macon was, in fact, a homeowner. Thus, marital status remained the only ground stated for removing her. Unless it has "some connection to the facts of the case," where Appellants were charged with entering a dwelling with intent to commit theft, marital status is not a valid reason for a peremptory strike. We find no such connection here. Knight v. State, 559 So.2d 327, 329 (Fla. 1st DCA), rev. den., 574 So.2d 141 (Fla. 1990) (questioning relationship between prospective juror's marital status or number of children and the burglary offense being tried); Slappy, 522 So.2d at 22 (state's reason unrelated to facts of case tends to show impermissible pretext or lack of support in the record).
Mr. Ray was stricken because he is an unmarried renter. We are unable to distinguish this venireman from two others who are renters but were not challenged and, in fact, served on the jury. Under Slappy, such a "challenge based on reasons equally applicable to juror[s] who were not challenged" tends to show an impermissible pretext or a lack of support in the record. 522 So.2d at 22; Valentine, 616 So.2d at 974.
We need not address Appellants' novel question of whether a fourth member of the venire, Mr. Karimy, a purported Arab-American, is a member of a cognizable racial, ethnic or class group for Neil purposes. When asked to justify the challenge against Mr. Karimy, the prosecutor conceded, "I don't think I have a good reason for that, Your Honor." As the striking of even one black member of the venire for racial reasons is a constitutional violation, United States v. Gordon, 817 F.2d 1538, 1541 (11th Cir.1987), cert. dism., 487 U.S. 1265, 109 S.Ct. 28, 101 L.Ed.2d 979 (1988); Slappy, 522 So.2d at 21; Reynolds v. State, 576 So.2d 1300, 1301 (Fla. 1991), we find the record amply demonstrates the necessity of reversal.
The trial court is directed to conduct a new trial consistent with the decisions cited herein. REVERSED and REMANDED, with instructions.
SMITH and BARFIELD JJ., concur.