WHATLEY, Judge.
Shedrick Hunter a/k/a Marcus Antonio Jordan appeals his conviction for robbery. He contends that the trial court erred in admitting similar fact evidence. We affirm.
Hunter was convicted of robbing a Beall’s Outlet store. At Hunter’s trial, the loss prevention agent for Beall’s testified that on February 24, 1998, he observed Hunter and an accomplice put store merchandise in a backpack and a duffle bag. They left the store without paying for the merchandise. When Hunter was approached by the loss prevention agent, Hunter attempted to flee. In his efforts to flee, Hunter took off the backpack and struck the loss prevention agent with it. During opening statements and closing arguments, Hunter’s counsel admitted that Hunter was guilty of theft. However, he argued that Hunter was innocent of the robbery charge, because he did not intend to hit the loss prevention agent with the backpack but merely intended to discard it.
To rebut this defense, the State presented evidence of a prior theft at a Wal-Mart store. Hunter’s objection to this testimony as improper Williams Rule evidence was overruled.[1] A Wal-Mart loss prevention officer testified that on November 17, 1997, she apprehended Hunter for theft. She testified that when she approached Hunter, asked him to come back in the store, and attempted to place her hand on him, he jerked away from her, indicating that he was going to resist. Immediately thereafter, her partner and a deputy from the sheriffs department approached them and Hunter became calm. When she took Hunter to the store security area, Hunter told her that she should be glad the sheriffs department was there or he would have hurt her.
We first note that Hunter failed to preserve the Williams Rule issue for appeal, because he did not object when the State introduced such testimony. The contemporaneous objection rule applies to evidence of collateral crimes and, even if a prior motion in limine has been denied, the failure to object at the time collateral crime evidence is introduced waives the issue. See Correll v. State, 523 So.2d 562 (Fla.1988); Esty v. State, 642 So.2d 1074 (Fla.1994).
Further, there is a video tape that shows Hunter taking off the backpack, turning to the security officer, swinging the backpack behind his back, and then striking the officer with it. His intent to strike the security officer was clearly shown. Therefore, we note that, without debating whether this was appropriate Williams Rule evidence, it was entirely unnecessary based on the compelling strength of the State’s case. The State had not only the testimony of store personnel but the unique advantage of an actual video of the crime itself. Compelling State cases can be lost by a policy of overkill.
Accordingly, we affirm Hunter’s convictions.
THREADGILL, A.C.J., and BLUE, J„ Concur.

. Williams v. State, 110 So.2d 654 (Fla.1959).