791 So.2d 557 (2001)
Joseph McCARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3001.
District Court of Appeal of Florida, Second District.
August 1, 2001.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Joseph McCarter, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Joseph McCarter appeals a judgment convicting him of robbery. Because the State struck the only African-American from the venire panel and, upon objection, was unable to provide a race-neutral reason supported by the record, we reverse.
During jury selection in Mr. McCarter's trial, the State sought a peremptory strike of juror number 7. Counsel for Mr. McCarter indicated that juror number 7 was the only African-American in the venire panel and sought a raceneutral explanation for the strike. In response, the State asserted that this juror's answer to a particular question indicated that she believed a real trial in the courtroom would not be different than trials she had observed on television. The trial *558 judge accepted this as a race-neutral explanation, and defense counsel again objected to the strike. When a complete panel was selected, defense counsel's objection to the striking of juror number 7 was again noted.
Defense counsel properly preserved his objection to the State's strike of this juror. See Givens v. State, 619 So.2d 500 (Fla. 1st DCA 1993). The State has conceded on appeal that the transcript of the voir dire examination of the juror refutes the State's purported race-neutral explanation. That is, the juror indicated during voir dire that she understood that a real trial would differ from those trials depicted on television. As a result, the trial court erred in sustaining the peremptory strike of this juror without a raceneutral explanation, supported by the record. See Nunez v. State, 664 So.2d 1109 (Fla. 3d DCA 1995); Reeves v. State, 632 So.2d 702 (Fla. 1st DCA 1994).
The judgment is reversed, and the case remanded for a new trial.
PARKER, A.C.J., and ALTENBERND and CASANUEVA, JJ., Concur.