910 So.2d 413 (2005)
Michael Douglas BECRAFT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1287.
District Court of Appeal of Florida, Fourth District.
September 21, 2005.
Robert J. Watson of Frierson & Watson, Stuart, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant, Michael Becraft, challenges his convictions for sexual battery and sexual activity with a minor. He contends that improper collateral crime evidence was admitted, and a juror was struck by the state without a race-neutral explanation. We disagree on both issues, concluding that the evidentiary issue was not preserved and the court acted within its discretion in evaluating the state's reason for striking the juror.
*414 Becraft was charged with sexual activity with a female minor which occurred after the victim, Becraft, another woman, and Becraft's friend returned to the friend's home after a night at the bars. The victim was seventeen years old. Becraft engaged in oral sex with the victim and confessed to his activities in a recorded statement to the officers. As part of that statement, he admitted that he and his friend intended to "tag team" the other woman, a practice which he discussed in the tape recording several times. These statements were admitted without objection at trial. When the other woman testified at trial, defense counsel objected to her testimony that Becraft asked her to engage in a "threesome" with him and his friend just before the incident with the minor victim. The objection was based upon prejudice and relevance. The trial court overruled the objection, and the witness testified.
On appeal, Becraft argues that the evidence provided by the female witness was improper Williams rule evidence, a ground on which Becraft's attorney did not object at trial. Because this specific objection was not made at trial, the issue is not preserved for appeal. Hunter v. State, 779 So.2d 531, 532 (Fla. 2d DCA 2000) (citing Correll v. State, 523 So.2d 562 (Fla. 1988); Esty v. State, 642 So.2d 1074 (Fla. 1994)). Moreover, the evidence was merely cumulative and, in any event, considerably less offensive than the unobjected-to tape of Becraft's own statement to police. It was thus harmless. See Erickson v. State, 565 So.2d 328, 334 (Fla. 4th DCA 1990) ("It is well settled that even incorrectly admitted evidence is deemed harmless and may not be grounds for reversal when it is essentially the same as or merely corroborative of other properly considered testimony at trial."); Somervell v. State, 883 So.2d 836, 839 (Fla. 5th DCA 2004) (considering cumulativeness of improperly admitted Williams rule testimony as a factor in finding error harmless).
Becraft also raises an issue of jury selection, contending that the trial court erred in denying his challenge to the race-neutral explanation for the state's strike of an African-American juror. During voir dire, the state asked the potential jurors, "Is there anyone here who would disagree or think-wonder why is this a crime for a person who is 24 years of age or older to engage in sexual activity with a minor, someone who is 16 or 17 years of age? And consent is not an issue. Doesn't matter if the person consented or not. It's it's not an issue." When prospective juror Gamble was asked whether she agreed with the law she stated, "Well, if you are an adult, you shouldn't do it I'd say. That's the way I think. But you know when you find the evidence out, then you weigh the problem and see (inaudible)." Several other jurors also responded to the question.
The state exercised a peremptory challenge against juror Gamble, and the defense asked for a race-neutral explanation. The prosecutor pointed to the fact that Gamble would look at the circumstances of the case in making her decision. After the trial court had the court reporter read back juror Gamble's answer, it noted that Gamble had not given an unequivocal answer that she could follow the law but instead would be governed by the circumstances. It found this to be a race-neutral reason and allowed the striking of juror Gamble.
Striking prospective jurors from a venire on the ground of race is a violation of the equal protection clause. See Batson v. Kentucky, 476 U.S. 79, 84, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Our supreme court has explained,

*415 A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.
At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.
Melbourne v. State, 679 So.2d 759, 764 (Fla.1996) (footnotes omitted). When reviewing a trial court's ruling on a challenge to the use of a peremptory strike, appellate courts must consider that "peremptories are presumed to be exercised in a nondiscriminatory manner" and because "the trial court's decision turns primarily on an assessment of credibility [it should be] affirmed on appeal unless clearly erroneous." Id. at 764-65.
Becraft first argues that the record does not support the reason given by the state. We disagree. The state asked for Gamble to be stricken because she would consider the circumstances of the case, implying that she would not feel bound by the law that consent of the minor is no defense to these crimes. This is supported by juror Gamble's record statement. Thus, this case is distinguishable from McCarter v. State, 791 So.2d 557, 557 (Fla. 2d DCA 2001), cited by Becraft, in which the court reversed because "the transcript of the voir dire examination of the juror refute[d] the State's purported race-neutral explanation." Here, the transcript supports the state's challenge.
Second, Becraft alleges that the state did not strike other jurors who gave similar answers. However, we have examined the responses of all the questioned jurors and conclude that the state in fact did strike all jurors who expressed the view that the particular circumstances of the case would affect their decision despite the law governing consent. Thus, the instant appeal is distinguishable from Shuler v. State, 816 So.2d 257, 259 (Fla. 2d DCA 2002), cited by Becraft, in which the appellate court found the trial court erred in ruling the state's explanation for excusing a prospective juror was not pretextual when the state failed to excuse other jurors for the same purported reason that it excused the African-American juror.
Affirmed.
KLEIN and TAYLOR, JJ., concur.