613 So.2d 1301 (1992)
Wayne FILES, Petitioner,
v.
STATE of Florida, Respondent.
No. 78552.
Supreme Court of Florida.
December 10, 1992.
Rehearing Denied March 18, 1993.
Nancy A. Daniels, Public Defender, and Lawrence M. Korn, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Asst. Atty. Gen. and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for respondent.
OVERTON, Justice.
We have for review Files v. State, 586 So.2d 352 (Fla. 1st DCA 1991), in which the First District Court of Appeal affirmed Files' conviction for three counts of dealing in stolen property. The issue in this case concerns the standard of review that should be applied by an appellate court when addressing a trial court's finding that the reasons given for exercising a peremptory challenge are race-neutral and nonpretextual. Here, the district court affirmed the trial court and held that the proper standard for reviewing the trial court's decision concerning peremptory challenges is the abuse of discretion standard established in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The district court, after applying the abuse of discretion standard, certified the following question as being of great public importance:
WHAT IS THE STANDARD OF APPELLATE REVIEW OF A TRIAL COURT'S FINDING THAT THE STATE'S USE OF PEREMPTORY CHALLENGES AGAINST PROSPECTIVE BLACK JURORS WAS REASONABLE, RACE-NEUTRAL AND NONPRETEXTUAL?
Files, 586 So.2d at 357.[1] We answer the question by reaffirming our holding in previous cases wherein we stated that the abuse of discretion standard is the proper standard of review. However, in answering the certified question and approving the decision of the district court in this case, we emphasize that this standard does not apply in instances where a strict rule of law has developed and is applicable under the facts of a particular case.
*1302 The record reflects that, during the course of voir dire examination, the prosecutor exercised peremptory challenges against two black jurors. Defense counsel objected to the use of the peremptory challenges toward these black jurors, suggesting that they were racially motivated. The trial judge determined that the Neil[2] threshold had been met and proceeded to ask the State for its reasons for striking the two prospective jurors. The prosecutor responded that the first prospective juror's "rap sheet" indicated a prior DUI conviction and that the juror had not volunteered this information when asked about prior convictions. With regard to the second prospective juror, the prosecutor explained that his reasons for striking her were that she was divorced, had five children, and was unemployed. Furthermore, the prosecutor stated that he preferred jurors who worked or had other visible means of support. Defense counsel moved to strike the jury panel, asserting that the stated reasons were "superfluous." The trial judge denied the motion. The jury ultimately chosen was composed of four whites and two blacks with one black alternate. Files was found guilty as charged.
On appeal, the district court noted that this Court had adopted the abuse of discretion standard when reviewing a trial court's consideration of the State's reasons given as a result of a Neil inquiry. In applying this standard, the district court concluded that "reasonable persons could arguably agree with the trial court's action," and, consequently, held that there was no abuse of discretion exercised by the trial judge. Files, 586 So.2d at 357. In so ruling, the district court noted as to the first juror that
the prosecutor asked not only whether any of the jurors had had dealings with the state attorney's office or contacts with law enforcement officials, but also whether anyone present or any of their relatives had ever been arrested for any type of crime. Although several jurors admitted having previous convictions or experiences with law enforcement officers, this prospective juror said nothing. Although the prosecutor did not produce the information sheet indicating that the juror had actually been convicted of DUI, his representation of a prior felony conviction was a valid reason for exercising a peremptory challenge. Roundtree v. State, 546 So.2d 1042 (Fla. 1989); Tillman v. State, 522 So.2d 14 (Fla. 1988); Stephens v. State, 559 So.2d 687 (Fla. 1st DCA 1990), approved on other grounds, 572 So.2d 1387 (Fla. 1991); Knight [v. State, 559 So.2d 327] (Fla. 1st DCA), review dismissed, 574 So.2d 141 (Fla. 1990).
Files, 586 So.2d at 356 (footnote omitted).
As to the second prospective juror, Files had not only challenged the reasons offered for that juror's excusal, but also claimed that the State did not strike "similarly situated" white jurors who were divorced and/or unemployed. In rejecting this argument, the district court stated
it is apparent from the record that while two other jurors were divorced and one other juror was unemployed, none of the other jurors selected were both unemployed and divorced with five children. Had the prosecutor offered only unemployment or divorce as an explanation for the exercise of this peremptory challenge, we may have been required to find that the trial judge abused his discretion by accepting the reason as nondiscriminatory. But, because the combination of unemployment[] and divorce may arguably indicate some prospect of a level of detachment from the proceedings not based on race, we cannot say that reasonable persons would not differ as to the propriety of this reason for excusing the juror.
Id. at 356-57 (citation omitted).
Judge Ervin dissented, finding that the reasons given for excusing the second juror were improper. He based his view on the following statements from our decision *1303 in State v. Slappy, 522 So.2d 18, 22 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988):
We agree that the presence of one or more of these factors will tend to show that the state's reasons are not actually supported by the record or are an impermissible pretext: (1) alleged group bias not shown to be shared by the juror in question, (2) failure to examine the juror or perfunctory examination, assuming neither the trial court nor opposing counsel had questioned the juror, (3) singling the juror out for special questioning designed to evoke a certain response, (4) the prosecutor's reason is unrelated to the facts of the case, and (5) a challenge based on reasons equally applicable to juror[s] who were not challenged.
Judge Ervin determined that the correct standard for review of a trial court ruling in a Neil inquiry was the abuse of discretion standard, but found that this standard of review did not apply when one or more of the above Slappy factors were present. Judge Ervin explained that "the proper standard of review to be applied to rulings when a Slappy factor is involved is one of competent, substantial evidence within the record." Files, 586 So.2d 352, 360 (Ervin, J., dissenting). He stated that "if the reasons proffered are not related to the facts of the case or to the parties or witnesses (the fourth Slappy factor), the trial judge must find the reasons to be pretextual." Id. at 361. While Judge Ervin found that the reason given to excuse the first juror was valid, he concluded that the fact that the second juror was unemployed and divorced with five children, while supported by the record, had nothing to do with this particular case and, thus, fell under the fourth Slappy factor. He also found that the reason fell under the fifth Slappy factor  "a challenge based on reasons equally applicable to a juror who was not challenged." Id. at 362. Judge Ervin concluded that these reasons were pretextual and, consequently, that the case required reversal for a new trial. In effect, Judge Ervin found that, when the reasons given and the circumstances of the case fall within one of the five Slappy factors, it is mandatory for the trial judge to find the given reason invalid as a matter of law. Judge Ervin would rule, in effect, that the trial judge erroneously applied a rule of law, as opposed to having abused his discretion.
In Reed v. State, 560 So.2d 203, 206 (Fla.), cert. denied, 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990), we stated:
Within the limitations imposed by State v. Neil, the trial judge necessarily is vested with broad discretion in determining whether peremptory challenges are racially intended. Only one who is present at the trial can discern the nuances of the spoken word and the demeanor of those involved... .
... In trying to achieve the delicate balance between eliminating racial prejudice and the right to exercise peremptory challenges, we must necessarily rely on the inherent fairness and color blindness of our trial judges who are on the scene and who themselves get a `feel' for what is going on in the jury selection process.
(Citation omitted; emphasis added.) This Court has consistently applied this standard of review in evaluating the State's explanations after the trial court has determined that a Neil inquiry was required. See Happ v. State, 596 So.2d 991 (Fla. 1992); Dougan v. State, 595 So.2d 1 (Fla. 1992); Green v. State, 583 So.2d 647 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1191, 117 L.Ed.2d 432 (1992). We recently reaffirmed that position in Fotopoulos v. State, 608 So.2d 784 (Fla. 1992), in which we stated:
Although broad leeway should be granted a defendant attempting to make a prima facie showing that a likelihood of discrimination exists, a trial court is vested with broad discretion in determining whether peremptory challenges are racially motivated.

Id., at 788 (citation omitted; emphasis added).[3]
*1304 Files acknowledges that the appropriate standard for appellate review for determining the threshold question of whether there is a likelihood of racial discrimination in the use of peremptory challenges is the abuse of discretion standard. He asks us to reject this standard, however, when the trial court is determining whether the State's reasons are race-neutral, arguing that this determination is a question of both law and fact, requiring a review under a competent, substantial evidence standard. Files' argument, which is similar to Judge Ervin's dissent, is that, if one of the factors set forth in Slappy applies, the reasons given by the State are pretextual because competent, substantial evidence does not support the reasons given. This reasoning confuses the distinction between the standard of review that should be applied when there has been (1) an incorrect application of a rule of law and (2) an abuse of discretion.
The distinction is illustrated by the standard of review applied by an appellate court in considering a motion for a directed verdict, as distinguished from a motion for a new trial. If the trial judge, in granting a motion for a directed verdict, fails to apply the correct legal rule, the judge's action is erroneous as a matter of law. In that instance, an appellate court would be correcting an erroneous application of a known rule of law and may substitute its judgment for that of the trial court in determining the correct rule of law. On the other hand, when an appellate court considers the granting of a new trial, the test is whether the trial judge abused his discretion. Baptist Memorial Hosp., Inc. v. Bell, 384 So.2d 145 (Fla. 1980); Castlewood Int'l Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975). In that circumstance, there is no strict rule of law applicable and the appellate court must apply the reasonableness test set forth in Canakaris.
Clearly, an appellate court could rule on the appropriateness of the State's reason, as a matter of law, if the appellate court believed that the reason, on its face, could never be a racially neutral basis for peremptorily challenging a juror. Thus, here the first question is whether excusing a juror on the ground that the juror is divorced, has five children, and has no visible means of support, is an improper reason as a matter of law because it could be used as a pretext for improperly excluding minorities. It is our view that excusing a juror for having no visible means of support has been a basis for parties, in both civil and criminal proceedings, to peremptorily excuse a prospective juror because it may indicate a lack of responsibility or may indicate that the person may be more sympathetic to a party opposing an authoritative party in the litigation. It is not an unusual basis for a peremptory challenge. Accordingly, we find that the State's reason is not invalid as a matter of law. Having so found, the issue then becomes whether the trial judge abused his discretion in accepting the State's reasons.
The five factors set forth in Slappy were not intended to be absolute. We qualified those factors by stating that they "will tend to show that the state's reasons are not actually supported by the record or are an impermissible pretext." Slappy, 522 So.2d at 22 (emphasis added). These factors were intended to be taken into account with other factors to determine whether a non-neutral or pretextual reason had been given.
In considering whether the trial judge abused his discretion, we must address the question of whether a pretextual basis existed in this case by the claim that white jurors who were divorced or unemployed were allowed to remain on the jury. We agree that allowing other white jurors with similar characteristics to remain on the jury is a significant factor that must be *1305 considered by the trial judge in considering whether the reason given by the State is pretextual. However, in this case, we do not find this contention to be justified by the record. The record indicates that, of the three white women not challenged by the State, two were divorced and employed; the third was a married, unemployed housewife, and had a visible means of support. We find that these jurors did not have the same characteristics as an unemployed, divorced mother of five children, who had no visible means of support. We agree with the district court that the trial judge did not abuse his discretion in this regard.
As stated in Reed, we must rely on the superior vantage point of the trial judge, who is present, can consider the demeanor of those involved, and can get a feel for what is going on in the jury selection process. It is difficult, if not impossible, to establish a strict rule of law in this sensitive area and still "achieve the delicate balance between eliminating racial prejudice and the right to exercise peremptory challenges." Reed, 560 So.2d at 206. The responsibility to apply these principles properly and eliminate racial prejudice in our jury selection process rests largely on our trial judges. Substituting an appellate court's judgment for that of the trial judge on the basis of a cold record is not a solution because it would provide an automatic appeal in every case where a prospective minority juror was challenged.[4]
In holding that the trial judge did not abuse his discretion in this case, we emphasize, as previously noted, that certain specific reasons given for a challenge could be held invalid as a matter of law. That is not, however, the case before us here. Accordingly, having answered the certified question, we approve the decision of the district court as modified by this opinion.
It is so ordered.
McDONALD, HARDING and GRIMES, JJ., concur.
BARKETT, C.J., and SHAW and KOGAN, JJ., dissent.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
[2] State v. Neil, 457 So.2d 481 (Fla. 1984).
[3] The federal courts apply a similar standard under which a trial court's finding in this regard will not be disturbed unless it is clearly erroneous. See Hernandez v. New York, ___ U.S. ___, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991); Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); Anderson v. City of Bessemer City, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); United States v. Grandison, 885 F.2d 143 (4th Cir.1989), cert. denied, 495 U.S. 934, 110 S.Ct. 2178, 109 L.Ed.2d 507 (1990); United States v. Baker, 855 F.2d 1353 (8th Cir.1988), cert. denied, 490 U.S. 1069, 109 S.Ct. 2072, 104 L.Ed.2d 636 (1989).
[4] Some have suggested that the only proper solution to this problem is the elimination of peremptory challenges. See People v. Bolling, 79 N.Y.2d 317, 582 N.Y.S.2d 950, 591 N.E.2d 1136 (1992); Carolyn C. Garcia, Strike Three and It's Out  There Goes the Peremptory, 29 Houston Lawyer 22 (1991); Robert L. Harris, Jr., Redefining the Harm of Peremptory Challenges, 32 Wm. & Mary L.Rev. 1027 (1991); Theodore McMillan & Christopher J. Petrini, Batson v. Kentucky: A Promise Unfulfilled, 58 U.Mo.K.C.L.Rev. 361 (1990); Brent J. Gurney, The Case for Absolishing Peremptory Challenges in Criminal Trials, 21 Harv.C.R.  C.L.L.Rev. 227 (1986). In his concurring opinion in Bolling, Judge Bellacosa wrote: "When a peremptory strike is no longer peremptory, by definition, because an explanation is required by Batson, and when a remedy is not a remedy because the remedy ironically defeats or suppresses the stated purpose, then strong measures  stronger measures than Batson  are needed." 582 N.Y.S.2d at 960, 591 N.E.2d at 1146.