622 So.2d 585 (1993)
Betty Jean STRODER and Chiquita Stroder, Appellants,
v.
STATE of Florida, Appellee.
Nos. 91-1482, 91-1483.
District Court of Appeal of Florida, First District.
August 10, 1993.
Nancy A. Daniels, Public Defender, Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellants.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellants, Betty Jean Stroder and her daughter Chiquita Stroder, appeal their various convictions on the charges of battery of a law enforcement officer, resisting officer with violence, aggravated assault and resisting officer without violence. We reverse and remand for a new trial.
During jury selection, appellants objected to the state's exercise of a peremptory challenge to strike prospective juror Ms. Crafton, an elementary school teacher assigned to teach emotionally handicapped students. The prosecutor immediately volunteered his reason for challenging Ms. Crafton, explaining:

*586 My reason, Your Honor, for challenging Ms. Crafton is she works with emotionally handicapped students and is, therefore, a mental health professional and her husband is also a mental health professional. In my experience as a prosecutor, persons who have that background are not the sort of persons that I want on a jury because they are more into the helping mode rather than finding people guilty and punishing them.
We first note that where the state volunteers its reasons for the exercise of a peremptory challenge the question whether the defense has satisfied its initial burden of showing a strong likelihood of racial discrimination in the exercise of such challenge becomes moot. Hernandez v. New York, 500 U.S. ___, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). On the merits, the reason offered by the prosecutor is, in our view, indistinguishable from the reason offered and rejected as pretextual in State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). In Slappy, the supreme court found that the state's contention that elementary school assistant teachers, particularly the two in question, were "liberal" must be considered a pretext for racial discrimination where the state failed to pose even a few questions which could have established the existence or nonexistence of such trait in the prospective jurors. As in Slappy, the prosecutor failed to question Ms. Crafton to explore his perception of her liberality. Accordingly, the state's exercise of this peremptory challenge must be regarded as pretextual, and appellants are entitled to a new trial. In view of this disposition, we do not reach the other issues raised by appellants.
REVERSED and REMANDED.
ERVIN and MINER, JJ., and WENTWORTH, Senior Judge, concur.