ON REMAND FROM THE FLORIDA SUPREME COURT
DIAMANTIS, Judge.
We consider this case on remand from the Florida Supreme Court. Mitchell v. State, 620 So.2d 1008 (1993).
*1157 Darrell Mitchell appeals his conviction for sale of a substance in lieu of a controlled substance,[1] asserting that the trial court erred in finding that the state articulated a race-neutral and non-pretextual reason for use of a peremptory challenge by which an African-American juror was stricken. We affirm.
The record reflects that the state struck this particular juror for several stated reasons, one of which was that this potential juror was not a member of any particular civic or religious organization and expressed no interest in any activity except reading.[2] The state also struck another prospective juror who was not African-American and had stated that he did not belong to any organizations. With the exception of one juror, the potential jurors which the state accepted, including two other African-Americans, were members of either a church or a civic organization, or both. The one juror who was not a member of any organization had been involved with a vocational training organization and presently took an interest in the stock market. Also, this juror had a daughter who was a real estate attorney. In explaining the reason for striking jurors who were not members of civic or religious organizations, the state stated that it was selecting politically conservative and strongly community-minded jurors regardless of race.
On appeal, the state contends that the trial court did not abuse its discretion in finding that the state articulated a race-neutral and non-pretextual reason for striking one of the three African-American jurors.
In Files v. State, 613 So.2d 1301 (Fla.1992), the court held that the standard of appellate review of a trial court’s finding that the state’s use of peremptory challenges against prospective African-American jurors was race-neutral and non-pretex-tual was the abuse of discretion standard unless the specific reasons given for a challenge could be held invalid as a matter of law. The court stated:
It is difficult, if not impossible, to establish a strict rule of law in this sensitive area and still “achieve the delicate balance between eliminating racial prejudice and the right to exercise peremptory challenges.” Reed [v. State ], 560 So.2d [203] at 206 (Fla.). The responsibility to apply these principles properly and eliminate racial prejudice in our jury selection process rests largely on our trial judges. Substituting an appellate court’s judgment for that of the trial judge on the basis of a cold record is not a solution because it would provide an automatic appeal in every case where a prospective minority juror was challenged.
In holding that the trial judge did not abuse his discretion in this case, we emphasize, as previously noted, that certain specific reasons given for a challenge could be held invalid as a matter of law.
Files, 613 So.2d at 1305 (footnotes omitted). The court in Files quoted with approval Fotopoulos v. State, 608 So.2d 784, 788 (Fla.1992), cert. denied, — U.S.-, 113 S.Ct. 2377, 124 L.Ed.2d 282 (1993), regarding the discretion of a trial court in these matters:
Although broad leeway should be granted a defendant attempting to make a prima facie showing that a likelihood of discrimination exists, a trial court is vested with broad discretion in determining whether peremptory challenges are racially motivated.
Files, 613 So.2d at 1303 (citation omitted; emphasis added).
Here, the trial court did not abuse its discretion in allowing the state to peremptorily challenge this prospective juror on *1158 the basis that she did not belong to any particular religious or civic organization and had not expressed any interest in any activity except reading. Accordingly, we affirm the trial court's ruling which upheld the state’s use of the subject peremptory challenge as being race-neutral and non-pretextual.
AFFIRMED.
W. SHARP, and GRIFFIN, JJ., concur.

. § 817.563, Fla.Stat. (1989).

. The state also stated that it was striking this juror because there were two other African-Americans on the jury. Mitchell argues that this is not a valid reason. See Joiner v. State, 618 So.2d 174, 176 (Fla.1993); State v. Slappy, 522 So.2d 18, 21 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988); Smith v. State, 574 So.2d 1195, 1196 (Fla. 3d DCA1991), approved, 594 So.2d 291 (Fla.1992). We agree that this reason, in and of itself, would not have been a valid reason to strike this juror, and we strongly recommend that the state no longer cite this as a reason to strike.