680 So.2d 1064 (1996)
Michael Owen FOXX, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-1568.
District Court of Appeal of Florida, Third District.
October 2, 1996.
Clayton Kaeiser, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Cynthia Greenfield, Assistant Attorney General, for appellee.
Before BARKDULL, GREEN and FLETCHER, JJ.
*1065 FLETCHER, Judge.
Defendant Michael Owen Foxx appeals his conviction on one count of second-degree murder and one count of manslaughter with a firearm, contending that the trial court improperly conducted a Neil[1] inquiry into and disallowed his trial counsel's attempt to exercise two peremptory challenges. Our review of the record reveals that Foxx adequately preserved for review only one of his challenge attempts. Finding that the trial court properly denied the challenge, we affirm.
During the jury selection, Foxx (an African-American), through his counsel, announced his peremptory challenge of an Hispanic venireperson, at which time the State's attorney informed the trial court, "We would ask for a Neil inquiry." Foxx's trial attorney immediately stated his reasoning for the strike, which the trial court found to be insufficient to show race neutrality.
Foxx contends that the State's request for the inquiry was insufficient and therefore all that followed was inappropriate. We find, however, that the State's request adequately satisfies the predicate for a Neil inquiry as set forth in Melbourne v. State, 679 So.2d 759 (Fla.1996). In Melbourne, the Florida Supreme Court clarified that the party objecting to "a peremptory challenge on racial grounds must (a) make a timely objection on that basis, (b) show that the venireperson is a member of a distinct racial group, and (c) request that the court ask the striking party its reason for the strike." Id. at 764. Once this is accomplished, the burden then shifts to the party attempting the challenge to show a genuinely race-neutral explanation for the attempted strike.
Although the State here did not expressly state that the venireperson was a member of a distinct racial group, it is clear from the record that such was the case and that the trial court was aware of this fact. We also note that before either the trial court or the State could ask for Foxx's reason for the attempted strike, Foxx's trial counsel volunteered a reason. Under such conditions, neither the trial court nor the State can be faulted, and an entire trial reversed, because a totally unnecessary step was not taken.
Finding no reversible error, we affirm.
NOTES
[1] State v. Neil, 457 So.2d 481 (Fla.1984).