686 So.2d 735 (1997)
Pedro HERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00610.
District Court of Appeal of Florida, Second District.
January 8, 1997.
David T. Weisbrod, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Pedro Hernandez appeals his judgment and sentence for second-degree murder. He is entitled to a new trial because the trial court erred during jury selection by denying his peremptory strike of an African-American juror.
Mr. Hernandez was charged with first-degree murder. The victim was his half-brother, Roque Gonzalez. Mr. Hernandez told the police that he shot his half-brother on the evening of July 1, 1993. The autopsy revealed that Mr. Gonzalez had been shot thirteen times. The shooting occurred in front of Mr. Gonzalez's apartment.
At trial, Mr. Hernandez relied primarily upon the defenses of voluntary intoxication and self-defense. Mr. Hernandez has a history *736 of alcohol abuse, drinking as much as three six-packs of beer daily. He testified that he drank more than eight beers before the shooting. He claimed he was afraid of Mr. Gonzalez because Mr. Gonzalez had stabbed another person. On the evening of the killing, the two men had an argument. When Mr. Gonzalez reached in his pocket, Mr. Hernandez thought that Mr. Gonzalez was going to stab him, so he pulled out his handgun and shot Mr. Gonzalez. He maintained that he continued firing twelve more times as an "automatic behavior." Although the jury rejected his defenses, they did decide that the killing was not premeditated and found Mr. Hernandez guilty of second-degree murder.[1]
During jury selection, the trial court erred in denying one of Mr. Hernandez's peremptory challenges. The defendant tried to use a peremptory strike on a juror who was an air traffic controller working for the federal government. The juror was also African-American. Under the three-step procedure recently explained in Melbourne v. State, 679 So.2d 759 (Fla.1996), Mr. Hernandez was entitled to exercise this strike.
Applying Step 1 of the Melbourne procedure, the state adequately objected to this peremptory strike. See State v. Holiday, 682 So.2d 1092 (Fla.1996); Valentine v. State, 616 So.2d 971 (Fla.1993); Foxx v. State, 680 So.2d 1064 (Fla. 3d DCA 1996). Step 2 required the defendant to provide a facially race-neutral reason for the strike. Melbourne, 679 So.2d at 764. We conclude Mr. Hernandez fulfilled this requirement by explaining that he was striking this juror both because he worked for the government and was an air traffic controller. See Morris v. State, 680 So.2d 1096 (Fla. 3d DCA 1996) (reversing denial of peremptory challenge where relative of potential juror's wife was a police officer); Rivera v. State, 670 So.2d 1163 (Fla. 4th DCA 1996) (permissible to strike deputy clerk of court from jury panel); Ortiz v. State, 543 So.2d 377 (Fla. 3d DCA 1989) (permissible to strike secretary in state attorney's office from jury panel). In Step 3, the trial court was required to determine the "genuineness" of this reason. Melbourne, 679 So.2d at 764. There is no indication that the trial court regarded Mr. Hernandez's explanation as disingenuous. Indeed, even under the pre-Melbourne standard, there is no reason to conclude that the trial judge regarded this explanation as unreasonable. See State v. Slappy, 522 So.2d 18, 22 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). Instead, the trial court believed that occupation alone could not be a facially race-neutral reason to exercise a peremptory strike.
We agree with the trial court that a mere recitation of a juror's occupation in many cases would not be sufficient to state a facially race-neutral reason. Because almost every potential juror works, either in the home or outside the home, there is a real risk that occupation could be used pretextually as a "facially" race-neutral reason to strike practically any juror. See Files v. State, 613 So.2d 1301 (Fla.1992) (approving strike of divorced, unemployed, African-American mother of five). On the other hand, if there is a genuine reason why a party would fear that a particular juror's occupation would influence the juror's reasoning and cause the juror to view the case unfavorably from the party's perspective, then the occupation can be the foundation of a facially race-neutral reason to exercise a peremptory challenge. Slappy, 522 So.2d at 22; Johnson v. State, 600 So.2d 32 (Fla. 3d DCA 1992), disapproved on other grounds, Rock v. State, 638 So.2d 933 (Fla.1994); Mayes v. State, 550 So.2d 496 (Fla. 4th DCA 1989). For example, a defendant would not need to question at length a potential juror who was a police officer to justify a strike of that juror.
*737 In this case, the potential juror worked for the government in a stressful, para-military job. Air traffic control is a profession that demands a high degree of care, precision, and sobriety from its members. From the record, it is clear that Mr. Hernandez had a genuine fear that this juror would not be receptive to his defenses. Accordingly, the trial court erred in denying this peremptory challenge and Mr. Hernandez is entitled to a new trial.
Reversed and remanded.
BLUE and LAZZARA, JJ., concur.
NOTES
[1] Mr. Hernandez also appeals his departure sentence. The trial court departed from the guidelines and sentenced him to life imprisonment, explaining that the victim suffered "severe emotional torture and incredible mental anguish," and was "particularly vulnerable to attack by his brother who he had no reason to suspect was going to kill him." We are concerned that these reasons have little support within our record. Both the reasons for this upward departure and the length of the departure sentence suggest that the trial court was effectively sentencing the defendant for a first-degree murder after the jury found him guilty of a second-degree murder. Because of our ruling on the peremptory challenge, however, this issue is moot.