825 So.2d 1080 (2002)
George COBB, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-289.
District Court of Appeal of Florida, Fourth District.
September 18, 2002.
*1081 Carey Haughwout, Public Defender, and Iva Oza, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
George Cobb appeals from a judgment of conviction for selling a counterfeit controlled substance. We affirm on all three *1082 points raised on appeal, but find that one issue merits discussion. Appellant contends that the trial court erred during jury selection in allowing the state's peremptory strike of a black prospective juror. We affirm, because the trial court's ruling was not clearly erroneous.
The prospective juror in question was Zeinab Osman, a twenty year-old black female college student. When the state peremptorily struck Osman, appellant objected and requested a race-neutral reason.[1] The state responded:
My reason is that, she is a 20 year old student. I think that college has a drawing environment. I don't think that she is old enough or responsible enough to understand what's going on, because of her environment with drugs [sic] cultures and colleges.
The prosecutor further explained that, based on her experience as a juvenile prosecutor, she believed younger people were more tolerant of drugs. For that reason, she said, she would try to strike anyone under the age of twenty-eight from the jury. Insisting that her reason for striking Osman had "nothing to do with the fact that she is black," the prosecutor said that she did not want "a young college kid, whoever they may be" on the jury.
Appellant pointed out that Osman's comments during voir dire did not show that she had a higher tolerance for drug use; on the contrary, her responses to the prosecutor's questions showed that she did not. During voir dire, the prosecutor had asked the members of the venire how they felt about the legalization of drugs. The following conversation took place between the prosecutor and Osman:
MS. ROBERTS: Ms. Osman, as a student, there is probably a lot of people at the college that might use drugs, how do you feel about the legalization of drugs?
MS. OSMAN: No, I don't feel that they should legalize drugs because everybody else is using them.
MS. ROBERTS: Could you sit in judgment, maybe knowing that other people use drugs, and they are not caught, can you sit in judgment and apply the law in this case?
MS. OSMAN: Yes, I could.
Based upon the above exchange, appellant urged the trial court to deny the challenge. He argued that the record did not support the state's proffered reason that Osman had a higher tolerance for drug use. He also requested that the state question Osman further concerning her views on drugs. However, the state declined, maintaining that further questioning of Osman would be futile since nothing would change her mind about the juror.
The record shows that the trial judge initially viewed the state's reasons for striking Osman with skepticism, stating: "I don't see anything that she said that you can hang your hat on." The prosecutor responded that the court had to view the strike from her perspective and statements, not from the prospective juror's responses. This echoed the state's earlier remarks during jury selection that a race-neutral reason is "what it appears to me, it is not what it appears to a reasonable person or anybody else." Though the trial judge observed that Osman gave the "right answer" to the prosecutor's questions, he allowed the strike over defense counsel's objections.
*1083 Whether or not an explanation proffered by the proponent of a peremptory strike is race-neutral and genuine is a determination to be made by the trial judge. Melbourne v. State, 679 So.2d 759 (Fla.1996). In making this determination, the trial judge is not bound to accept the reasons proffered by the proponent at face value, but must evaluate the reasons as a trial judge would weigh any disputed fact. State v. Slappy, 522 So.2d 18, 22 (Fla. 1988), receded from on other grounds, Melbourne, 679 So.2d at 765. The court must examine "all the circumstances surrounding the strike" to satisfy itself that the strike is not a pretext. Melbourne, 679 So.2d at 764; Jones v. State, 787 So.2d 154, 156 (Fla. 4th DCA 2001).
Under Melbourne, the following procedure must be followed when peremptory strikes are challenged as discriminatory:
A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike. At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3).
679 So.2d at 764 (footnotes omitted). Melbourne further explains that:
The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.
Id. (Footnotes omitted).
In this case, the prosecutor completed step 2 of the Melbourne analysis by coming forward with a facially race-neutral reason for striking Osman. She explained that she did not want Osman on the jury of this drug case because Osman, a young college student, might have liberal drug attitudes due to her age and greater exposure to drug use in college. Although appellant claims that these reasons were not race-neutral, we disagree. "Liberalism" has been upheld as a valid race-neutral reason for a peremptory strike. See Slappy, 522 So.2d at 23. Step 2 "does not demand an explanation that is persuasive, or even plausible." Johnson v. State. 706 So.2d 401, 403 (Fla. 3d DCA 1998)(quoting Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995)). Johnson explains:
There is no specific threshold of neutrality that must be satisfied by the party explaining the peremptory strike at step 2 of the Melbourne analysis. At this second step there are only race-neutral reasons and those that are race-based.
Id.
In step 3 of the Melbourne analysis, the trial court must evaluate the "circumstances surrounding the strike" in order to decide whether a reason given for a peremptory challenge is genuine and nonpretextual. Melbourne, 679 So.2d at 764 n. 8; Young v. State, 744 So.2d 1077, 1082 (Fla. 4th DCA 1999); Overstreet v. State, 712 So.2d 1174 (Fla. 3d DCA 1998). In Slappy, the supreme court provided a nonexclusive list of five factors, the presence of any of which will tend to show that the proffered reason is a pretext:

*1084 (1) alleged group bias not shown to be shared by the juror in question, (2) failure to examine the juror or perfunctory examination, assuming neither the trial court nor opposing counsel had questioned the juror, (3) singling the juror out for special questioning designed to evoke a certain response, (4) the prosecutor's reason is unrelated to the facts of the case, and (5) a challenge based on reasons equally applicable to juror [sic] who were not challenged.
522 So.2d at 22.
In this case, appellant argues the presence of the first two Slappy factors. He contends that (1) the record does not show that Osman shared the liberal drug attitudes that the prosecutor attributed to young college students, and (2) the prosecutor failed to sufficiently examine Osman to explore the existence of any such bias. According to appellant, these circumstances demand that the prosecutor's explanation be deemed a pretext for racial discrimination.
We note that Florida courts have often invalidated a peremptory challenge as a pretext where the excused juror was not questioned and shown to share the alleged group bias. In Slappy, for instance, the supreme court held the state's explanation that two prospective black jurors were elementary school assistant teachers, and thus presumably liberal, to be a mere pretext where the prosecutor failed to ask those jurors any questions and demonstrate that the alleged liberalism existed. See id. at 23-24; see also Reeves v. State, 632 So.2d 702 (Fla. 1st DCA 1994)(holding that the state's explanation that it challenged two black HRS workers because they would be hostile to the prosecution was not supported by the record, as HRS workers were not questioned about their feelings toward the state attorney's office); Stroder v. State, 622 So.2d 585 (Fla. 1st DCA 1993)(holding that the reason offered for peremptory strike of black teacher of emotionally handicapped studentsthat mental health professionals are more inclined to help people than convict and punish themwas pretext where the prosecutor failed to question the juror on her liberality); House v. State, 614 So.2d 647 (Fla. 2d DCA 1993)(ruling that the state's reason for excluding a black juror, that she worked in the mental health field and that those in that field were more liberal than conservative, could not sustain peremptory challenge); Hicks v. State, 591 So.2d 662 (Fla. 4th DCA 1991)(finding that the state's reason for challenging the only black person on jury venire in a drug case constituted mere pretext where reason offered was that juror was a music teacher, married to a musician, and thus likely to be more liberal and involved with drugs); Gadson v. State, 561 So.2d 1316 (Fla. 4th DCA 1990)(holding that the prosecutor's explanation for striking black jurors, that they were teachers, was pretextual where the jurors were never asked any details about their teaching experiences and a white juror who had also been a teacher was not challenged).
On the other hand, our courts have found peremptory strikes to be proper when based on a juror's occupation or profession. See Siprien v. State, 812 So.2d 536 (Fla. 4th DCA 2002)(holding that trial court's decision allowing peremptory strike of a black juror because he was in the mental health field was not clearly erroneous); James v. State, 768 So.2d 1221 (Fla. 3d DCA 2000)(holding that state's reason for striking Hispanic female, i.e., that she was a recent law graduate, was neutral and genuine); Hernandez v. State, 686 So.2d 735 (Fla. 2d DCA 1997)(holding that the trial court erred in denying strike of black juror who worked for the government as an air traffic controller, a profession *1085 demanding a high degree of care, precision and sobriety, and defendant feared the juror would not be receptive to his defenses of voluntary intoxication and self-defense); Morris v. State, 680 So.2d 1096 (Fla. 3d DCA 1996)(reversing denial of peremptory challenge where relative of prospective juror's wife was a police officer); Rivera v. State, 670 So.2d 1163 (Fla. 4th DCA 1996), receded from on other grounds, Foster v. State, 767 So.2d 525 (Fla. 4th DCA 2000)(discussing that juror's work as a deputy clerk in the jury room could have resulted in a built-in bias or prejudice in favor of the court system and thus provided a gender-neutral basis for a peremptory strike).
As Judge Altenbernd stated in Hernandez:
If there is a genuine reason why a party would fear that a particular juror's occupation would influence the juror's reasoning and cause the juror to view the case unfavorably from the party's perspective, then the occupation can be the foundation of a facially race-neutral reason to exercise a peremptory challenge.
686 So.2d at 736. We believe the same reasoning could apply to a juror's status as a student. It is not unreasonable for the state to seek to strike a prospective juror from serving on a drug case, when the state genuinely fears that the juror, by virtue of his or her age and college environment, is more likely to be lenient to a drug defendant and less favorable to the prosecution.
Although the prosecutor's decision not to explore Osman's drug views further may have rendered the prosecutor's explanation for striking her suspect, we cannot say that the trial court committed clear error in ultimately accepting her reasons as non-pretextual. The fact that a juror believes that drugs should not be legalized does not alter the fact that such a juror may be more lenient in a drug case because of her greater exposure to drugs in an environment where, in the juror's own words, "everybody else is using them." Further, the fact that such a juror asserts that she can "sit in judgment and apply the law" in a drug case is not dispositive on the issue of whether she can be properly challenged as a juror unfavorable to the party's cause. See, e.g., Symonette v. State, 778 So.2d 500, 503 (Fla. 3d DCA 2001)(discussing that when a juror has been challenged for a valid race-neutral reason, the fact that such a juror asserts that he or she can nevertheless be fair and impartial does not mean that the state must be satisfied with the response); Rivera, 670 So.2d at 1166 (reiterating that, as explained in Slappy, the reasons given for exercising a peremptory challenge need not be equivalent to a challenge for cause).
As the supreme court explained in Files v. State, 613 So.2d 1301, 1304 (Fla.1992):
The five factors set forth in Slappy were not intended to be absolute. We qualified those factors by stating that they "will tend to show that the state's reasons are not actually supported by the record or are an impermissible pretext." These factors were intended to be taken into account with other factors to determine whether a non-neutral or pretextual reason had been given. (citations omitted).
The supreme court has consistently held that a trial court is vested with broad discretion in determining whether peremptory challenges are racially motivated. See Fotopoulos v. State, 608 So.2d 784, 788 (Fla.1992); Reed v. State, 560 So.2d 203, 206 (Fla.1990). We are constantly reminded that appellate courts, when reviewing *1086 an appeal challenging peremptory strikes on racial grounds, must follow two guiding principles: (1) peremptory challenges are presumed to be exercised in a nondiscriminatory manner; and (2) the trial judge's ruling on a peremptory challenge, which turns primarily on an assessment of credibility, will be affirmed on appeal unless it is clearly erroneous. See Rodriguez v. State, 753 So.2d 29, 40 (Fla.2000)(citing Melbourne, 679 So.2d at 764); Young, 744 So.2d at 1082.
Based on our review of the record, we cannot say that the trial court committed clear error in accepting the prosecutor's reason for striking Osman as race-neutral and genuine. "Identifying the true nature of an attorney's motive behind a peremptory strike turns primarily on an assessment of the attorney's credibility." Young, 744 So.2d at 1077 (citing Melbourne, 679 So.2d at 764). As the supreme court stated in Files, "we must rely on the superior vantage point of the trial judge, who is present, can consider the demeanor of those involved, and get a feel for what is going on in the jury selection process." 613 So.2d at 1305; see also King v. Byrd, 716 So.2d 831, 834 (Fla. 4th DCA 1998)("As appellate judges, we are not at the trial. We did not see the expressions, hear the tones of voices, or observe the general dynamics of the courtroom. That is why Melbourne left decisions with respect to peremptory challenges to the trial court.").
In deciding that the state's challenge was not made solely because of Osman's race, the court may have been persuaded by the prosecutor's explanation concerning her policy of excluding younger people from drug cases. See, e.g., McKinnon v. State, 547 So.2d 1254, 1257 (Fla. 4th DCA 1989)(holding that challenge of evangelic minister, based on prosecutor's policy to excuse people in the religious profession because they are generally overly sympathetic, was reasonable and supported by the record). Moreover, the record does not show that the state accepted a young person or college student of another race to serve on the jury or reveal other circumstances surrounding the strike that indicate a discriminatory motive.
We realize that there is a risk that some parties may use a prospective juror's occupation or school status as a "race-neutral" reason to conceal an attempt to exclude a member of a race, ethnic group, or gender from serving on the jury. See Hernandez, 686 So.2d at 736 ("Because almost every potential juror works, either in the home or outside the home, there is a real risk that occupation could be used pretextually as a `facially' race-neutral reason to strike practically any juror."). "Unfortunately, the nature of the peremptory challenge makes it uniquely suited to masking discriminatory motives." Slappy, 522 So.2d at 20 (citing Batson v. Kentucky, 476 U.S. 79, 96, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)). However, our supreme court has charged Florida's trial judges with the primary responsibility for striking the "delicate balance between eliminating racial prejudice and the right to exercise peremptory challenges." Reed, 560 So.2d at 206. The role of appellate courts in reviewing a trial court's ruling on peremptory challenges is limited. We must affirm such a ruling unless it is clearly erroneous. Melbourne, 679 So.2d at 764-65; Young, 744 So.2d at 1082.
Because we find no clear error in the trial court's ruling that the state's reasons *1087 for striking Osman were race-neutral and genuine, we affirm.[2]
AFFIRMED.
WARNER and FARMER, JJ., concur.
NOTES
[1] Before striking Ms. Osman, the state had peremptorily struck another black juror, whose brother had been arrested for drug trafficking. Based on our review of the record, we find no error in the trial court's acceptance of this strike as race-neutral and genuine.
[2] Because we affirm the trial court's ruling that the reasons discussed above were genuine and nonpretextual, we do not address appellant's argument that there was no record support for the second reason offered by the prosecutor, i.e., that Osman was not "old enough or responsible enough to understand what's going on."