976 So.2d 643 (2008)
Justin D. SUTTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-321.
District Court of Appeal of Florida, Second District.
March 12, 2008.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Marilyn Muir Beccue and Dawn Elizabeth Adams, Assistant Attorneys General, Tampa, for Appellee.
ALTENBERND, Judge.
Justin D. Sutton appeals his judgments and sentences for possession of contraband in a county detention facility and possession of drug paraphernalia. The charges arose out of an incident during which Mr. Sutton and several other prisoners at the Highlands County Jail were discovered smoking marijuana. We affirm.
*644 Mr. Sutton raises two issues. First, he argues that the trial court erred in denying him the opportunity to present the first closing argument and a final rebuttal after he elected to present no evidence. This court recently held that trial courts may now allow the State first and final closing argument even when the defendant presents no evidence. See Sullivan v. State, 972 So.2d 918 (Fla. 2d DCA 2007) (citing Grice v. State, 967 So.2d 957 (Fla. 1st DCA 2007)). Accordingly, we reject Mr. Sutton's argument on this issue.
Second, he argues that the trial court erred in denying his request to peremptorily challenge a prospective juror who was a white female. Prior to this request, he had used four of his five peremptory challenges to dismiss white female jurors. When the State objected to this use of a peremptory challenge, the trial court asked Mr. Sutton's attorney to come forward with a race-neutral explanation for the strike as required by step two of the procedure set forth in Melbourne v. State, 679 So.2d 759, 764 (Fla.1996) (clarifying three-step process courts should follow for objections to racially motivated peremptory challenges). Mr. Sutton's attorney maintained that he was attempting to strike this juror because she had lived in Highlands County for five years while other jurors had lived in the county for longer periods. Although this explanation is facially race-neutral, the trial court denied the challenge in step three of the Melbourne procedure because the trial judge concluded that the explanation was not "neutral."
Mr. Sutton argues that the trial court erred by intermingling step two and step three of the Melbourne procedure. In step three, the court considers the circumstances surrounding the strike, focusing "not on the reasonableness of the explanation but rather its genuineness." Id. at 764. Mr. Sutton maintains that the trial court used the race-neutral test instead of the genuineness test during step three. We disagree.
When the trial court's ruling is read in its entirety, it is apparent that the trial judge understood that he was making the ruling required for step three and that he was actually ruling that the facially race-neutral explanation was not genuine. See Simmons v. State, 940 So.2d 580, 582 (Fla. 1st DCA 2006) ("There are no specific words which the court must state to satisfy step three of the Melbourne analysis."). Moreover, Mr. Sutton's attorney did not object when the trial court used the word "neutral" rather than "genuine" or suggest to the trial court that it may have used the wrong standard. By this observation, we are not suggesting that Mr. Sutton's attorney was deficient for failure to make such an objection but that it appears the attorney also understood, in context, that the trial judge was making a proper resolution of step three of the Melbourne procedure.
Because we conclude that the trial court applied the correct law during step three of the procedure, our standard of review is quite limited. A trial court's ruling on genuineness is primarily an "assessment of credibility" that an appellate court must affirm unless the record demonstrates that the ruling is "clearly erroneous." Melbourne, 679 So.2d at 764-65. We cannot hold that the trial court so erred in rejecting this explanation. We therefore affirm the judgments and sentences.
Affirmed.
DAVIS and CANADY, JJ., Concur.