DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**MITCHELL LANDIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-1989

[July 16, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lisa M. Porter, Judge; L.T. Case No. 09-9413 CF10A.

Sidney Z. Fleischman of Fleischman & Fleischman, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant, Mitchell Landis ("Defendant"), was charged with trafficking in cocaine. When the case proceeded to a jury trial, the State exercised a peremptory challenge during jury selection on a prospective juror who was African-American. The trial court found the race-neutral reason given by the State to be "genuine" and allowed the strike. Defendant has presented three points on appeal, however, we will address only one—specifically the issue of whether the trial court erred in allowing the State to exercise the peremptory strike under these circumstances.[1] On this point, we find there was error, and reverse.

During voir dire, the trial court had asked members of the jury to state their answers to the jury questionnaire for the court. The prospective juror at issue identified his occupation as a kitchen manager. Although the parties questioned the remainder of the jury panel, neither the State nor

---

[1] Defendant's other two points on appeal are rendered moot by our opinion.

defense counsel posed any questions to this prospective juror inquiring about his experience or his ability to be fair and impartial. When the State requested a peremptory strike of this juror, defense counsel objected and requested a race-neutral reason for the strike. The following exchange then took place:

> THE COURT: For the record, [the prospective juror] is an African American male.
>
> [THE STATE]: He looks Indian to me.
>
> THE COURT: He's not Caucasian. He's a member of the protective class whether Indian or Island or African American. He appears to be from the protective class. I will ask you for a race/neutral reason.
>
> [THE STATE]: Judge, he's a kitchen manager. Although that means nothing to your honor or counsel. I worked in a restaurant a lot. A lot of personal drugs run rampant. I don't want a person like that on my jury panel.

After the State provided this explanation, the trial court stated, "The reason you offered is genuine and I will allow your strike." Counsel for Defendant again objected to this particular peremptory strike, arguing that the defense did not find the reason for the strike to be genuine. Counsel also pointed out that this juror never stated that he had any arrests, that he knew anyone who had been arrested, or that he personally used drugs or knew anyone that did. Thereafter, another prospective juror, a white male who informed the court that he managed several family owned restaurants, was accepted as an alternate without objection. Prior to the jury being sworn, defense counsel again renewed his objection on the jury selection issue. The jury as sworn did contain one African-American juror. At the conclusion of the trial, the jury found Defendant guilty, and he was sentenced to twenty years imprisonment, which included a fifteen-year minimum mandatory sentence.

On appeal, Defendant argues that the trial court erred during jury selection by failing to make a suitable finding that the proffered race-neutral reason for the strike was genuine.

In *Melbourne v. State*, 679 So. 2d 759 (Fla. 1996), the Florida Supreme Court set forth the procedure that must be followed when peremptory strikes are challenged as discriminatory:

A party objecting to the other side's use of a peremptory challenge on racial grounds must:  a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. . . .

At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2).  If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3).  The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness.  Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.

*Id.* at 764 (internal footnotes omitted).  Therefore, the issue presented is whether the record shows that the trial court made a determination that, "given all the circumstances surrounding the strike, the explanation [was] not a pretext." *Melbourne*, 679 So. 2d at 764.

This court has previously recognized that:  "*Melbourne* 'does not require the trial court to recite a perfect script or incant specific words in order to properly comply with its analysis under step three,' " but "the trial court must still 'weigh[ ] the genuineness of a reason just as it would any other disputed fact.' " *Victor v. State*, 126 So. 3d 1171, 1172 (Fla. 4th DCA 2012) (quoting *Wimberly v. State,* 118 So. 3d 816, 821 (Fla. 4th DCA 2012)). *See Sutton v. State*, 976 So. 2d 643, 644 (Fla. 2d DCA 2008) (holding that the trial court applied the correct law during step three because "[w]hen the trial court's ruling [was] read in its entirety, it [was] apparent that the trial judge understood that he was making the ruling required for step three and that he was actually ruling that the facially race-neutral explanation was not genuine"); *Watson v. State,* 841 So. 2d 659, 661 (Fla. 4th DCA 2003) (rejecting the defendant's argument that the trial court failed to conduct a genuineness inquiry where the record showed that immediately after striking the potential juror, the court noted there was another African-American on the venire, indicating that the court was considering the makeup of the panel).

In *State v. Slappy*, 522 So. 2d 18 (Fla. 1988), *receded from on other grounds*, *Melbourne*, 679 So. 2d at 765, our supreme court provided a non-

exclusive list of five factors, the presence of any of which will tend to show that the proffered reason is a pretext:

> (1) alleged group bias not shown to be shared by the juror in question, (2) failure to examine the juror or perfunctory examination, assuming neither the trial court nor opposing counsel had questioned the juror, (3) singling the juror out for special questioning designed to evoke a certain response, (4) the prosecutor's reason is unrelated to the facts of the case, and (5) a challenge based on reasons equally applicable to juror [sic] who were not challenged.

*Id.* at 22.

In this case, Defendant essentially argues the presence of three of the *Slappy* factors. He contends that: (1) the record does not show that the prospective juror shared the drug attitudes that the prosecutor attributed to others in the restaurant industry; (2) the prosecutor failed to sufficiently examine the prospective juror to explore the existence of any such bias; and (5) the prosecutor challenged the prospective juror based on reasons equally applicable to a juror who was not challenged. According to Defendant, the presence of these circumstances require that the State's explanation be deemed a pretext.

Whether or not an explanation proffered by the proponent of a peremptory strike is race-neutral and genuine is a determination to be made by the trial judge. *Melbourne*, 679 So. 2d at 763. In making this determination, the trial judge is not bound to accept the reasons proffered by the proponent at face value. *Slappy*, 522 So. 2d at 22. The court must examine "all the circumstances surrounding the strike" to satisfy itself that the strike is not a pretext. *Melbourne*, 679 So. 2d at 764; *Jones v. State*, 787 So. 2d 154, 156 (Fla. 4th DCA 2001).

On this record, it does not appear that the trial court performed a legally sufficient genuineness analysis, stating only that it "found [the State's reason] to be genuine and not pretextual." In accepting the State's argument, the trial court simply noted that, just as some attorneys have an aversion to accepting teachers on juries, it is permissible to use a discretionary strike on a juror solely on the basis of their employment within an industry that allegedly has a high rate of drug use. This alone is insufficient to show that the trial court properly considered the issue of genuineness.

4

The trial court erred in determining the genuineness of the reason for the strike based solely on this ground. After a trial court determines that the proponent has proffered a race, ethnicity, or gender-neutral reason for the strike and then proceeds to evaluate that reason's genuineness, the proper procedure requires the trial court to make an inquiry of the opponent of the strike. At that point, the opponent bears the burden of persuasion, to demonstrate why the reason was not genuine. The trial court should also request that the opponent advise how, given all the circumstances, the explanation is a pretext for discrimination. Where "no inquiry is conducted, '[d]eference cannot be shown to a conclusion that was never made.'" *Hall v. Daee*, 602 So. 2d 512, 516 (Fla. 1992) (quoting *Reynolds v. State*, 576 So. 2d 1300, 1302 (Fla. 1991)).

If the record lacks any indication that the trial court considered the totality of the circumstances relevant to whether a strike was exercised for a discriminatory purpose, the reviewing court, which is confined to the cold record before it, cannot assume that a genuineness inquiry was actually conducted and give deference to the trial court. *Hayes v. State*, 94 So. 3d 452, 462 (Fla. 2012); *Siegel v. State*, 68 So. 3d 281, 287 (Fla. 4th DCA 2011) (reversing for new trial where the record was devoid of any indication that the trial court actually engaged in requisite genuineness analysis of the defendant's reason for peremptory strikes since there was no proof of consideration of any circumstances relevant to this inquiry).

The Florida Supreme Court explained in *Murray v. State*, 3 So. 3d 1108 (Fla. 2009), that in evaluating whether or not a proffered race-neutral reason for a peremptory strike is a pretext, the court should focus on the genuineness of the race-neutral explanation as opposed to its reasonableness.

> In making a genuineness determination, the court may consider all relevant circumstances surrounding the strike. "Relevant circumstances may include—but are not limited to—the following: the racial make-up of the venire; prior strikes exercised against the same racial group; a strike based on a reason equally applicable to an unchallenged juror; or singling the juror out for special treatment." [*Melbourne*, 679 So. 2d] at 764 n.8 (citing *State v. Slappy*, 522 So. 2d 18 (Fla. 1988)); *see also Booker v. State*, 773 So. 2d 1079, 1088 (Fla. 2000) ("[W]e provided a nonexclusive list of factors a trial court may consider in determining whether the reason given for exercising a peremptory challenge is genuine . . . ." (citing *Melbourne*, 679 So. 2d at 764 n.8)).

*Murray*, 3 So. 3d at 1120 (citation omitted).

Florida courts have recognized that a prospective juror's occupation can, in some circumstances, be the foundation of a genuinely race-neutral reason to exercise a peremptory challenge. *See Cobb v. State*, 825 So. 2d 1080, 1084 (Fla. 4th DCA 2002). It is true that the majority of potential jurors work, and this fact carries a real risk that a strike based on occupation alone could be used pretextually as a "facially" race-neutral reason to strike practically any juror. *See Files v. State*, 613 So. 2d 1301, 1304 (Fla. 1992). However, "our supreme court has charged Florida's trial judges with the primary responsibility for striking the 'delicate balance between eliminating racial prejudice and the right to exercise peremptory challenges.'" *Cobb*, 825 So. 2d at 1086. "[I]f there is a genuine reason why a party would fear that a particular juror's occupation would influence the juror's reasoning and cause the juror to view the case unfavorably from the party's perspective, then the occupation can be the foundation of a facially race-neutral reason to exercise a peremptory challenge." *Hernandez v. State*, 686 So. 2d 735, 736 (Fla. 2d DCA 1997).

Mere recitation of a juror's occupation is not always sufficient by itself to provide a facially race-neutral reason. In many cases, courts have invalidated peremptory challenges as pretextual where the challenged juror was not questioned and shown to have the same alleged group bias. *See, e.g., Stroder v. State*, 622 So. 2d 585, 586 (Fla. 1st DCA 1993) (prosecutor failed to question teacher of emotionally handicapped students to explore his perception of her liberality); *House v. State*, 614 So. 2d 647, 648 (Fla. 2d DCA 1993) (prosecutor failed to question mental health field worker to elicit her political or social biases); *Gibson v. State*, 603 So. 2d 711, 712 (Fla. 4th DCA 1992) (prosecutor failed to question black fruit picker to elicit economic animosity toward Haitian fruit pickers); *Hicks v. State*, 591 So. 2d 662, 663 (Fla. 4th DCA 1991) (prosecutor failed to question music teacher to explore his perception of her greater tolerance to the use of controlled substances); *Reeves v. State*, 632 So. 2d 702, 704 (Fla. 1st DCA 1994) (prosecutor failed to question two employees at the Department of Health and Rehabilitative Services about their feelings towards the State Attorney's office); *Gadson v. State*, 561 So. 2d 1316, 1318-19 (Fla. 4th DCA 1990) (holding that the prosecutor's explanation for striking black jurors, stating only that they were teachers, was pretextual where the jurors were never asked any details about their

teaching experiences and a white juror who had also been a teacher was not challenged).[2]

As this court has previously stated, an attorney's decision not to explore a potential juror's drug views can render the explanation for striking him or her suspect under certain circumstances. *Cobb*, 825 So. 2d at 1085.[3] Here, the State did not question the potential juror concerning his occupation, or what effect it might have had on his ability to serve as a juror. No questions were posed about whether his employment in the restaurant business caused him to form a more permissive attitude toward

---

[2] We recognize, however, that some occupations have such strong associations with relevant issues that extensive questioning may be unnecessary. *See James v. State*, 768 So. 2d 1221, 1223 (Fla. 3d DCA 2000) (finding that the peremptory strike was genuine even though a recent law graduate was not questioned about her legal training); *Hernandez*, 686 So. 2d at 737 (finding that a peremptory strike was genuine, even where air traffic controller was not questioned about his feelings on sobriety in a case involving defendant's use of alcohol, because the profession demands a high degree of care, precision, and sobriety from its members). Similarly, a defendant would not need to question at length a potential juror who was a police officer to justify a strike of that juror. *Id.*; *see also Morris v. State*, 680 So. 2d 1096, 1097-98 (Fla. 3d DCA 1996) (reversing denial of peremptory challenge where relative of potential juror's wife was a police officer); *Simmons v. State*, 940 So. 2d 580, 583 (Fla. 1st DCA 2006) (recognizing that a juror's spouse being a law enforcement officer was race-neutral on its face); *Russell v. State*, 879 So. 2d 1261, 1263 (Fla. 3d DCA 2004) (stating that a potential juror having a relative in law enforcement "has been repeatedly found to be a valid, race neutral or gender neutral reason for a peremptory strike"); *Chambers v. State*, 682 So. 2d 615, 615 (Fla. 4th DCA 1996) ("[T]he law enforcement background of a juror's spouse is a properly neutral reason for a peremptory challenge . . . ."); *Czaja v. State*, 674 So. 2d 176, 177 (Fla. 2d DCA 1996) ("A close relationship between the juror and a law enforcement officer is a race-neutral reason for exercising a peremptory strike."); *Rivera v. State*, 670 So. 2d 1163, 1166-67 (Fla. 4th DCA 1996) (permissible to strike deputy clerk of court from jury panel); *Ortiz v. State*, 543 So. 2d 377, 379 (Fla. 3d DCA 1989) (permissible to strike secretary in state attorney's office from jury panel).

[3] Likewise, the fact that such a juror asserts upon questioning that she can "sit in judgment and apply the law" is not dispositive on the issue of whether she can be properly challenged as a juror unfavorable to the party's cause. *See, e.g., Symonette v. State*, 778 So. 2d 500, 503 (Fla. 3d DCA 2001) (discussing that when a juror has been challenged for a valid race-neutral reason, the fact that such a juror asserts that he or she can nevertheless be fair and impartial does not mean that the State must be satisfied with the response); *Rivera*, 670 So. 2d at 1166 (reiterating that, as explained in *Slappy*, the reasons given for exercising a peremptory challenge need not be equivalent to a challenge for cause).

narcotic use. Without this record, this court is unable to sustain the trial court's finding that the State's race-neutral explanation was genuine. *Cf. Cobb,* 825 So. 2d at 1085 (State had genuine fears that the juror, by virtue of her age and college environment, was more likely to be lenient to a drug defendant and less favorable to the prosecution where juror stated "everybody else is using them," despite fact that the juror believed that drugs should not be legalized).

Courts in Florida have held that it can be "racially discriminatory to exercise a peremptory challenge against a prospective juror in the minority where the proffered reason applies equally to a prospective juror in the majority." *Smith v. State,* 799 So. 2d 421, 424 (Fla. 5th DCA 2001); *see also Hayes v. State,* 94 So. 3d at 462 (finding that one relevant circumstance a trial court can consider in determining the genuineness of a strike is whether the strike is "based on a reason equally applicable to an unchallenged juror."). For example, in *Nowell v. State,* 998 So. 2d 597, 601 (Fla. 2008), the State sought to strike a Hispanic juror, in part because the juror was young and appeared to be of a similar age to the defendant. Our supreme court held that age could be a legitimate race-neutral reason for a peremptory challenge, but nevertheless found that the trial court erred in accepting the "age-based justification" as genuine, because the State's proffered reason was also "clearly applicable" to a "similarly aged white male whom the State failed to challenge." *Id.* at 605; *see also Wallace v. State,* 889 So. 2d 928, 930 (Fla. 4th DCA 2004) (trial court erred in accepting State's explanation that African–American juror worked for a law firm, where State never challenged a white lawyer).

Here, the challenged African-American prospective juror was similarly situated to the white male alternate juror who was accepted without challenge, despite that fact that he had also managed several family owned restaurants. *See Stroia v. State,* 119 So. 3d 1274, 1279 (Fla. 4th DCA 2013) (finding that jurors with family members who had been arrested for drug charges were similarly situated); *Foster v. State,* 732 So. 2d 22, 24 (Fla. 4th DCA 1999) (State's asserted reason of prior arrests of immediate family members for strikes of African–American jurors was not genuine, where challenge "was equally applicable to non-black jurors who were not challenged"); *Mayes v. State,* 550 So. 2d 496, 498 (Fla. 4th DCA 1989) (finding that a nurse and lab technician were similarly situated). As a result, the trial court should have made further inquiry into the challenged strike.

In sum, there is insufficient information contained in the record before us to support the trial court's finding that the prospective juror's

occupation was a legitimate race-neutral reason for the State's peremptory challenge. As a result, we are compelled by the cases cited herein to find that the trial court's determination of the genuineness of the strike lacked sufficient grounds and was clearly erroneous. *Melbourne*, 679 So. 2d at 764-65; *Hayes*, 94 So. 3d at 462; *Young v. State*, 744 So. 2d 1077, 1082 (Fla. 4th DCA 1999). Therefore, we reverse Defendant's conviction and hereby order a new trial.

*Reversed and Remanded for New Trial.*

LEVINE and CONNER, JJ., concur.

*　　*　　*

**Not final until disposition of timely filed motion for rehearing.**